766 So.2d 1255 (2000)
Wanda KIMBROUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2256.
District Court of Appeal of Florida, Fifth District.
September 29, 2000.
*1256 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Appellant, Wanda Kimbrough, filed a timely motion pursuant to Florida Rule of Criminal Procedure 3.800(b) to correct a sentencing error after her appeal was filed, but the trial court failed to rule on the motion within 60 days. Florida Rule of Criminal Procedure 3.800(b) was amended to provide an effective mechanism for trial courts to correct sentencing errors during the initial stages of an appeal, without any need for an order relinquishing jurisdiction. See Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015 (Fla.1999), rehearing granted, No. 95,707 (Jan. 13, 2000). However, Rule 3.800(b) expressly provides that the trial court must rule on the motion within 60 days of filing or the motion is deemed denied. This provision is intended to minimize any delays in the appellate process.
We find that the rule is self-executing and there is no authority in the rule for either the trial court or the appellate court to extend that time period. In fact, Florida Rule of Appellate Procedure 9.140(e)(6)(A) directs the clerk of the circuit court to automatically supplement the appellate record after 65 days, when an order is not filed within the required time. In accordance with Florida Rule of Appellate Procedure 9.200(e), the burden is on the appellant to ensure that the record is prepared and transmitted as required. The supplemental record should include the motion and a statement that no order was timely filed. Once the supplemental record is filed, the moving party has ten days to file its first brief. Fla. R.Crim. P. 3.800(b)(2).
In this case, when neither the supplemental record nor the appellate brief was filed as required by the rule, we issued a rule to show cause. After reviewing the response and reply thereto and the foregoing rules, we hold that the Rule 3.800(b) motion, which was not decided within 60 days of filing, is deemed denied and any order rendered more than 60 days from the filing of the motion is a nullity. When the 60 day period from the filing of appellant's Rule 3.800(b) motion expired without a ruling by the trial court, the clerk of the circuit court was required to transmit a supplemental record including the motion, any response thereto and a statement that no order on the motion was timely filed. When the clerk failed to do so, appellant should have acted to ensure the record was transmitted without further *1257 delay. When neither the clerk nor appellant acted, the appeal was unnecessarily delayed.
Although appellant argues that the delay in ruling on the motion was justified because the circuit court clerk's office was in the process of being relocated and because the case was reassigned and was not brought to the new judge's attention until after the 60 days had expired, regardless of the circumstances, the Rule 3.800(b) motion was denied as a matter of law when no timely ruling was entered. We reject the suggestion that we relinquish jurisdiction to the trial court after the 60 day period has expired to allow a belated ruling on a Rule 3.800(b) motion or to allow the lower court to reissue an untimely ruling. Once the time has expired, the motion is deemed denied as a matter of law and relinquishment of jurisdiction would be futile.
Accordingly, the clerk of the circuit court is directed to supplement the record on appeal within 10 days of the date of this decision, in accordance with Rule 9.140(e)(6), and appellant shall file the initial brief within 10 days thereafter. Any sentencing error addressed in the Rule 3.800(b) motion is preserved and may be raised in the appeal.
COBB, PETERSON and GRIFFIN, JJ. concur.