769 So.2d 520 (2000)
Timothy OVERWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3456.
District Court of Appeal of Florida, Fifth District.
October 26, 2000.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Mary G. Jolley, Assistant Attorney General, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Appellant filed a Rule 3.800(b) motion below on March 2, 2000, prior to submitting a brief in this cause. When the 60-day period from the filing of appellant's motion expired on May 1, 2000, without a ruling by the trial court, the motion was deemed denied and the clerk of the circuit court was required to promptly file a supplemental record with a statement that no order had been entered. The clerk has now done so and appellant has also filed an initial brief, with a motion to accept the brief as timely. However, the brief does not address the sentencing issue raised in the Rule 3.800(b) motion, probably because the trial court belatedly granted the motion. Contrary to appellant's suggestion, we cannot construe the belated order as timely and find that the order on the motion entered by the trial court after the 60-day period expired is a nullity. Therefore, appellant may file an amended brief within 10 days of the date of this decision, raising any sentencing errors preserved by the motion.
THOMPSON, C.J., and PETERSON, J., concur.
HARRIS, J., concurs and concurs specially, with opinion.
HARRIS, J., concurring specially:
Because of our decision in Kimbrough v. State, 766 So.2d 1255 (Fla. 5th DCA 2000), I concur. If I were not so bound, however, I would grant appellants' motions to relinquish jurisdiction to the trial courts to enter appropriate orders relating to the alleged sentencing errors even though it is beyond the 60-day period provided by Florida Rule of Criminal Procedure 3.800(b)(2).[1] While I recognize that because of the delay the rule itself has "denied" the motions, I do not believe that forecloses our discretion under Rule of Appellate Procedure 9.600(b), to relinquish jurisdiction to the trial court "to proceed with specifically stated matters" during the pendency of the appeal. By our blindly enforcing the 60-day limitation, the defendant, through no fault of his or her own, is being prejudiced by the actions, or perhaps the inactions, of the trial judge by automatically losing on the motion below.
*521 It appears that the 60-day limit may not be met either (1) because the trial judge is not made aware of the motion and hence simply fails to invoke the procedures of the rule; (2) the trial judge is aware of the motion but simply takes no action; or (3) the trial judge is aware of the motion and attempts to comply with the rule but because of inability to have the defendant transported to court in a timely fashion, cannot comply with the time restraints.
We are told by the supreme court in its opinion adopting the amendment to rule 3.800[2] that the amendment was intended to accomplish two goals: (1) to provide defendant with a mechanism to correct sentencing errors in the trial court and (2) to give defendant a means to preserve the sentencing error. By rigidly sticking to the 60-day limitation, we have ignored the first reason (and denied the defendant his mechanism in the trial court) while enforcing the second.
If we remand to the trial court to comply with the rule within a short period, and carefully monitor that period, we will have both expedited the appeal and provided defendant his mechanism to have the error corrected "in the trial court" and perhaps avoid having to consider the sentencing issue on appeal. We will have also enforced the supreme court's admonition that "trial courts and counsel are strongly encouraged to cooperate to resolve these motions as expeditiously as possible because they delay the appellate process." If no action in the trial court means that defendant will automatically lose on his motion below, there is little incentive, other than professionalism and a sense of responsibility which we always hope will be adequate, for a busy trial court or the state's attorney to push for a resolution.
The supreme court acknowledged that sentencing errors are not always readily apparent at the trial court level and that evidentiary hearings may be required. It seems unfair that the trial court, by inaction, may enter a pocket veto of this hearing effectively denying the defendant's motion and cast the burden on this court to unravel the sentencing mess and, several months down the roadperhaps beyond the time defendant should have been released, finally remand to the trial court to do what it should have done in the first instance.
The rule contemplates an automatic relinquishment to the trial court, without the involvement of this court, when appellant files a motion to correct sentence. If the motion is not resolved within 60 days, the rule denies the motion but this is not a denial on the merits. The denial is merely intended to return the issue to this court, now with a preserved sentencing issue. The ball is now back in our court to decide, in the first instance, the merits of the motion. Now, as in any appeal, if we deem it necessary to seek the assistance of the trial court, relinquishment is available to us under the appellate rules. For example, if we determine that it is necessary for the trial court to determine if an evidentiary hearing on the motion involved herein is needed and, if so, to conduct one, we should be able to relinquish with instructions to do so, say within 10 days. Here, the trial court has already corrected the sentencing order, although belatedly, and we should be able to relinquish for a short period so that the order can be reaffirmed during a period when the trial court has the jurisdiction to do so. Otherwise we have denied appellant his trial court mechanism to correct the error and have needlessly added an issue to the appeal.
NOTES
[1] In this case, the trial court did correct the judgment in accordance with defendant's motion but did so untimely. Our previous decisions hold such late order to be a nullity.
[2] Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800, 761 So.2d 1015, 1016 (Fla.2000).