779 So.2d 571 (2001)
Martin McGUIRE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1822.
District Court of Appeal of Florida, Second District.
February 7, 2001.
*572 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.

ORDER CONCERNING MOTION TO EXTEND TIME FOR THE RESOLUTION OF A RULE 3.800(b)(2) MOTION, AND GRANTING VOLUNTARY DISMISSAL
ALTENBERND, Acting Chief Judge.
Martin McGuire filed a notice of appeal from his judgment and sentence in April 2000. Before filing an initial brief in this court, his appellate counsel filed a motion to correct a sentencing error under Criminal Rule of Procedure 3.800(b)(2) in the trial court. The trial court took immediate steps to resolve this motion. However, a scheduling problem arose because of a change in personnel in the state attorney's office. The State filed a motion to extend the time to resolve this matter in the trial court, and the trial court granted a sixty-day extension.
Appellate counsel, familiar with the Fifth District's decision in Kimbrough v. State, 766 So.2d 1255 (Fla. 5th DCA 2000), and concerned that the trial court's order might not be effective, filed a motion to extend the time in this court. We granted that motion, extending the time to resolve the motion through January 15, 2001. Our unpublished order indicated that an opinion would follow. After we allowed the trial court additional time to resolve the motion, it ruled in favor of Mr. McGuire. As a result, he has now filed a notice of voluntary dismissal of his appeal.
By this published order, we hold that a trial court has concurrent jurisdiction to authorize an extension of time to resolve a rule 3.800(b)(2) motion, upon a showing of good cause, prior to the expiration of the original sixty-day period.[1] It would seem particularly appropriate to grant such relief based upon an agreed motion. This court has similar authority to extend the time for the resolution of motions filed under rule 3.800(b)(2). See Fla.R.App.P. 9.600(a). Although this case is factually distinguishable from Kimbrough, we recognize that our procedure conflicts with dicta in that case.
Rule 3.800(b) was revised in 2000 to accomplish the goals of the Criminal Appeal Reform Act of 1996, chapter 96-248, Laws of Florida. See In re: Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015 (Fla.1999); Fla. R.Crim.P. 3.800 (ct.commentary). This rule is intended to give the parties a meaningful opportunity to correct sentencing errors in the trial court rather than in the appellate court. This process allows an error to be corrected faster and earlier, and without the need for a published opinion *573 reversing the trial judge's original error. As demonstrated by this case, it sometimes eliminates the need for an appeal.
The procedure described in rule 3.800(b)(2) is admittedly unusual, reflecting its pragmatic origins.[2] A more traditional approach would have given the appellate court authority to relinquish jurisdiction to the trial court to consider this motion during the pendency of an appeal. See, e.g., Fla.R.App.P. 9.600(b). However, such a proposal was rejected by the Florida Supreme Court in 1996, apparently because the time and cost associated with that procedure seemed to outweigh its benefit. See In re Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 773-74 (Fla.1996).[3] Thus, in order to streamline this procedure, rule 3.800(b)(2) gives the appellate lawyer discretion to invoke the trial court's concurrent jurisdiction to correct sentencing errors without any action on the part of the appellate court. See Fla.R.App.P. 9.600(d).
If this unsupervised grant of concurrent jurisdiction were not accompanied by careful time limitations, the benefit of the rule could be overshadowed by the delay it would cause in the appellate courts. Thus, the rule was written to "deem" the motion denied if the trial court does not enter an order resolving the motion within sixty days.[4] This automatic denial of the motion allows the defendant to preserve the alleged sentencing error for appellate review and return to the appellate court in less than ninety days when a trial judge does not take action on the motion.
In Kimbrough, the Fifth District considered a case in which a motion pursuant to rule 3.800(b)(2) languished in the trial court. Well after the sixty-day period expired and the appellate court had received no supplemental record, it issued an order to show cause inquiring about the status of the motion. The Fifth District held that the motion was deemed denied by the expiration of time and that the trial court could not extend the time to resolve this motion.
We agree with the Fifth District's holding that a trial court cannot extend the time to resolve a 3.800(b) motion after the motion has already been automatically denied by the expiration of the sixty-day period. We do not, however, view the rule as "self-executing" and thus prohibiting any extensions of time. Rather, we accept some of the logic of Judge Harris's special concurrence in Overway v. State, 769 So.2d 520 (Fla. 5th DCA 2000) (Harris, J., concurring).
Although rule 3.800(b)(2) has no language expressly authorizing extensions of time, this does not distinguish it from most other rules. Rule 3.050 authorizes a trial court to extend the time for any "act" for good cause shown. We conclude that rule 3.050 authorizes the trial court to extend the time to enter an order resolving a 3.800(b)(2) motion when there are good reasons to justify an extension. Although we would hope that such cases would be the rare exception, this case provides a very good example of the wisdom of permitting an occasional extension.
We recognize that rule 3.050 also allows for an extension of time after the time for an act has expired. Nevertheless, because *574 a rule 3.800(b)(2) motion is automatically denied by the expiration of the sixty-day period, we conclude that the trial court cannot revive the motion by granting it after the sixty-day period has expired.
Because the appellant has invoked this court's jurisdiction before a rule 3.800(b)(2) motion is filed, an extension of time to enter the order in the trial court must also extend the time to file the supplemental record in this court. See Fla.R.App.P. 9.140(e)(6). As a result, we conclude that we have concurrent jurisdiction to extend the time for the resolution of these motions. This court has no preference whether such a motion to extend time is filed in the trial court or this court. Upon filing a motion in one court, however, the movant must notify the court of concurrent jurisdiction not considering the matter, so that both courts remain apprised of the status of the case.
In this case, upon review of the supplemental record, it is now clear that the motion to extend time filed by the appellant in this court is actually moot or duplicative in light of the trial court's earlier order granting the extension. Thus, we grant dismissal of this appeal on the appellant's notice of voluntary dismissal.
FULMER and DAVIS, JJ., Concur.
NOTES
[1] Under Florida Rule of Criminal Procedure 3.800(b)(1), a motion to correct a sentencing error is filed before jurisdiction vests in the appellate court. In fact, it stays rendition of the final order. Although the issue is not presented in this case, we are inclined to believe that a trial court may also extend the time to resolve this posttrial motion pursuant to Florida Rule of Criminal Procedure 3.050, so long as the order granting the extension is entered prior to the expiration of the sixty-day period.
[2] The author of this opinion became familiar with these origins in his position as chair of the Criminal Appeal Reform Act Committee when this rule was revised.
[3] The language of the rejected proposal is described, but not quoted, in the opinion. The proposal was presented to the supreme court in the "Report of the Florida Bar Appellate Court Rules Committee" in Case No. 86,881.
[4] This language was edited by revisions effective January 1, 2001. The rule now states: "If no order is filed within 60 days, the motion shall be considered denied." This edit does not change the intent or effect of the rule. See In re Amendments to the Florida Rules of Criminal Procedure, 25 Fla. L. Weekly S995, ___ So.2d ___, 2000 WL 1637548 (Fla. Nov. 2, 2000).