783 So.2d 373 (2001)
Timothy OVERWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3456.
District Court of Appeal of Florida, Fifth District.
May 4, 2001.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Mary G. Jolley, Assistant Attorney General, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
Overway raises two points on this appeal. First he contends there is a double jeopardy violation caused by his two convictions for aggravated child abuse. In our initial decision in this matter (Overway v. State, 718 So.2d 308 (Fla. 5th DCA 1998)), we concluded that no double jeopardy problem existed but reversed one conviction because of an error in the instructions. Upon conviction of this count on retrial, the issue relating to double jeopardy has not changed and we adhere to the original ruling. We note, however, that there were two allegations of aggravated child abuse which were separate-striking *374 the child in the abdomen and holding his hands under hot water.
As to Overway's second point, he urges that his sentence does not comport with Heggs v. State, 759 So.2d 620 (Fla.2000). Although he raised this error under Florida Rules of Criminal Procedure 3.800(b)(2) and received appropriate relief from the trial court, because the court's corrective sentence was entered after the 60 days provided by the rule had run we held the corrective sentence to be a nullity. See Overway v. State, 769 So.2d 520 (Fla. 5th DCA 2000). The State does not deny that Overway's official sentence is wrong but urges that since the Department of Corrections has implemented the "invalid" correction, Overway has suffered no injury. We agree with Overway, however, that he is entitled to a sentence which comports with Heggs and reverse and remand in order to permit the trial judge to again enter its original corrective sentence.
AFFIRMED in part; REVERSED and REMANDED for resentencing.
GRIFFIN and SAWAYA, JJ., concur.