793 So.2d 117 (2001)
Robbie JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3923.
District Court of Appeal of Florida, Second District.
August 17, 2001.
*118 James Marion Moorman, Public Defender, and Frank D.L. Winstead, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
FULMER, Acting Chief Judge.
Jackson appeals his judgments and sentences for attempted lewd act and lewd fondling. Jackson argues that the trial court erred in denying his motions for judgment of acquittal, in directing defense counsel to call a witness to testify, and in sentencing him. After considering all three issues, we find no reversible error as to the first two and therefore affirm the judgments without discussion. We reverse the sentences, however, because the trial court's order entered on Jackson's motion to correct sentencing errors filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) was untimely.
Before the initial brief was filed in this case, Jackson filed a rule 3.800(b)(2) motion to correct sentencing errors. After the sixty-day time period provided in the rule had expired, the trial court entered an order granting in part Jackson's motion and resentencing him. Although the trial court's untimely order properly granted relief on some of the sentencing errors raised in the motion, that order is a nullity because it was untimely entered. See McGuire v. State, 779 So.2d 571, 572 (Fla. 2d DCA 2001) (finding that rule 3.800(b)(2) "was written to `deem' the motion denied if the trial court does not enter an order resolving the motion within sixty days"). The issues raised in Jackson's motion to correct sentencing errors, however, are preserved for review. See id. ("This automatic denial of the motion allows the defendant to preserve the alleged sentencing error for appellate review and return to the appellate court in less than ninety days when a trial judge does not take action on the motion.").
Jackson raised four sentencing errors in his rule 3.800(b)(2) motion. First, he argued that the trial court erred in assessing eighteen victim injury points for the attempted lewd act conviction in count one. He asserted that the jury acquitted him of the charged offense of committing a lewd assault or act and found him guilty of attempted lewd assault. The trial court denied relief on this claim. On appeal, the State acknowledges that victim injury points should not have been assessed for count one but contends that the trial court neglected to assess any points for victim injury for either count. As Jackson points out, the trial court must have assessed thirty-six victim injury points (eighteen for each count), because the subtotal in the guidelines scoresheet contained in the record reflects a subtotal of 94.8, yet when the points in the individual categories are added together, without the thirty-six victim injury points, the subtotal should be 58.8. Therefore, the 94.8 figure must be a result of adding thirty-six victim injury points. If that total includes eighteen victim injury points for count one, it is error. See Grant v. State, 783 So.2d 1120, 1121-22 (Fla. 1st DCA 2001) (explaining that because the jury convicted the defendant of a lesser-included offense of attempted lewd and lascivious act, thus finding that no sexual contact had occurred, the trial *119 court could not assess victim injury points); see also Beasley v. State, 503 So.2d 1347 (Fla. 5th DCA 1987). We therefore reverse and remand for resentencing on this point. On remand, the trial court must resentence Jackson with a corrected scoresheet that does not score victim injury points for count one.
Second, Jackson asserted in his rule 3.800(b)(2) motion that the attempted lewd assault or act should have been scored as a level one offense with a four point assessment. The trial court granted relief in part and scored the offense as a level five offense. Florida Rule of Criminal Procedure 3.702(d)(6) (1994), which is applicable in this case, provides that attempts are scored two severity levels below the completed offense. Thus, we conclude that the trial court properly scored this crime as a level five offense. On remand, this offense should be scored at level five.
Third, Jackson argued in his rule 3.800(b)(2) motion, and continues to argue on appeal, that he should have been sentenced within the guidelines. The State answers that the trial court intended to sentence Jackson within the guidelines and concedes that it should have done so. On remand, the court should sentence Jackson within the guidelines.
Finally, Jackson argued in his motion, and argues on appeal, that the guidelines scoresheet incorrectly designates the offense of attempted lewd act as a second-degree felony, when it is actually a third-degree felony. Although the State concedes error, the scoresheet dated November 17, 2000, contained in the record, reflects that the offense is designated as a third-degree felony. Thus, it appears that this error was corrected on resentencing. On remand, this crime should be designated as a third-degree offense.
Affirmed in part, reversed in part, and remanded for resentencing consistent with this opinion.
STRINGER, J., and CAMPBELL, MONTEREY, (Senior) Judge, Concur.