832 So.2d 782 (2002)
Eddie C. EDMOND, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1130.
District Court of Appeal of Florida, Fourth District.
July 24, 2002.
Alan H. Schreiber, Public Defender, and Sarah W. Sandler, Assistant Public Defender, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR RELINQUISHMENT
WARNER, J.
After appellant filed an appeal from his resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), he filed a motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). The trial court failed to rule on the motion within sixty days. Pursuant to rule 3.800(b), if the trial court fails to do so, the motion is deemed denied. No motion for extension of the sixty day time period was requested. Appellant now requests that this court relinquish jurisdiction so the trial court can rule on the motion to correct the sentence.
In Mcguire v. State, 779 So.2d 571, 572-74 (Fla. 2d DCA 2001), while the second district determined that the appellate court and trial court have concurrent jurisdiction to grant an extension of the sixty day time requirement prior to the expiration of the period, the court agreed with the fifth district's holding in Kimbrough v. State, 766 So.2d 1255, 1257 (Fla. 5th DCA 2000), that "a trial court cannot extend the time to resolve a 3.800(b) motion after the motion has already been automatically denied *783 by the expiration of the sixty-day period." Because by rule the motion is deemed already denied, even if this court relinquished jurisdiction, the trial court could not now rule on the motion. We therefore deny the motion for relinquishment of jurisdiction.
This case will proceed as an appeal of the resentencing and denial of the motion to correct sentence pursuant to rule 3.800(b).
STONE and FARMER, JJ., concur.