844 So.2d 686 (2003)
John MOSES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1091.
District Court of Appeal of Florida, Fourth District.
April 23, 2003.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr. Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant has appealed his sentence for the third time. Twice this court has reversed and remanded the case to the trial court for a new sentencing hearing. While this appeal was pending, the defendant filed a motion to correct sentence, pursuant to Florida Rule of Criminal Procedure 3.800(b). He now argues that the trial court erred in denying his latest motion *687 to correct sentence by not rendering a written order granting the motion within sixty (60) days. We disagree and affirm.
Initially, the defendant appealed the sentence imposed on February 22, 2001. On October 23, 2001, the defendant filed a rule 3.800(b) motion in the trial court. He argued that the court had failed to provide him with a "de novo" sentencing hearing and that the State had failed in its burden of proof to justify the imposition of an habitual felony offender sentence. The trial court verbally granted the motion, and set a new sentencing hearing for December 13, 2001. The court did not enter a written order.
On December 13, 2001, the State requested a continuance of the sentencing hearing so that it could obtain judgments on the defendant's prior Lee County convictions. The court reset the hearing for January 9, 2002. On that date, the court gave the defendant a "de novo" sentencing hearing. The court found that the defendant qualified as an habitual felony offender and pronounced sentence. The defendant received the same sentence that had been previously imposed. At the time of sentencing, the defendant made no objection to the lack of findings of fact that now serve as one of the bases of his appeal.
We have reviewed the evidence and find it legally sufficient to support the sentence imposed. This leaves the issue of whether the trial court's failure to enter a written order on the defendant's motion within sixty (60) days of October 23, 2001, nullifies the new sentence. In other words, should the sentence be reversed even though it was entered in response to the defendant's request for a new sentencing hearing? We see no reason to exalt form over substance. As the State noted in its brief, to reverse and remand this case for the defendant to be resentenced, when the trial court has already given the defendant exactly what he asked for, defies common sense.
We choose to follow the reasoning of the Second District Court of Appeal in McGuire v. State, 779 So.2d 571 (Fla. 2d DCA 2001). We hold that the trial court has the authority to extend the sixty (60) day period set forth in Florida Rule of Criminal Procedure 3.800(b), upon a showing of good cause as long as the court acts within the sixty days to extend the time.[1]
Florida Rule of Criminal Procedure 3.800(b)(1)(B) provides: "Within 60 days from the filing of the motion, the trial court shall file an order ruling on the motion. If no order is filed within 60 days, the motion shall be considered denied." The rule was designed to provide parties with an opportunity to correct sentencing errors in the trial court without the need to pursue the more costly and time-consuming appellate process. Its time limitation was designed to insure that such motions receive prompt attention. Even though the rule does not contain a provision which expressly authorizes extensions, it also does not prohibit them. As long as the trial court extends the time for good cause within the requisite sixty (60) days, we see no reason to restrict the court from correcting its own error.
In this case, the trial court granted the State's request for an extension of time within 60 days, and set the sentencing hearing shortly beyond the 60 days provided for in the rule. At that time, the trial court gave the defendant exactly what he *688 asked for, a new sentencing hearing. We therefore affirm.
STONE and GROSS, JJ., concur.
NOTES
[1] We urge the Criminal Procedure Rules Committee to consider adding language to rule 3.800(b)(1)(B) to explicitly authorize an extension of time if such an extension is sought and granted within the sixty (60) day time frame provided for in the rule.