ON MOTION FOR ENLARGEMENT OF TIME TO CORRECT SENTENCING ERROR
TORPY, J.
Appellant seeks an enlargement of time for the trial court to consider and rule on a Motion to Correct Sentence made pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The issue that we must confront is whether extensions of the 60-day time limit are authorized for motions of this nature. The State urges that we grant the motion but acknowledges that to do so would contravene dicta from our decision in Kimbrough v. State, 766 So.2d 1255 (Fla. 5th DCA 2000). Both parties ask that we follow the second district’s decision in McGuire v. State, 779 So.2d 571 (Fla. 2d DCA 2001), which rejected our dicta in Kimbrough. For the reasons expressed herein and in Kimbrough, we deny the motion because we do not believe that extensions of time are authorized. We certify conflict with McGuire.
On January 5, 2004, Appellant timely filed a Motion to Correct Sentencing Error, pursuant to rule 3.800(b)(2). The trial court scheduled a hearing on the motion for February 25, 2004, but the hearing was not held because Appellant had not been transported to Seminole County from the Department of Corrections. The trial court rescheduled the hearing to March 24, 2004, in order to secure Appellant’s presence. However, the new hearing date is outside the 60-day window within which the trial court must rule on the motion. Implicit in the trial court’s order, therefore, was an extension of time for the court to hear and rule on the motion. Nevertheless, out of caution,- Appellant filed the instant motion with this court seeking an extension of the 60-day time limit.
Florida Rule of Criminal Procedure 3.800(b)(2), adopted in 2000, provides a procedure by which sentencing errors may be corrected by the trial court during the initial stage of an appeal without the need for the appellate court to relinquish jurisdiction. The rule provides that, within 60 days of the filing of a rule 3.800(b)(2) motion, “the trial court shall file an order ruling on the motion.” Otherwise, the motion is “considered denied.”
In Kimbrough, we recognized that the time limit in the rule is “self-executing and there is no authority for either the trial court or the appellate court to extend that time period.” Kimbrough, 766 So.2d at 1255. In Kimbrough, however, the request for extension of time came after the 60-day period had expired and after we had issued a rule to show cause. Here, we are faced with a pre-expiration request for extension and whether under these circumstances an extension of this deadline is authorized by the Rules of Criminal Procedure.
On similar facts our sister court in McGuire held that an extension is authorized by application of the general rule of extensions embodied in Florida Rule of Criminal Procedure 3.050. While the McGuire court agreed with this court’s conclusion that a trial court cannot extend the deadline after the 60-day period of rule 3.800(b)(2) has passed, it concluded that the trial court could grant an extension under rule 3.050 if the request was made within the- 60-day period. McGuire, 779 So.2d at 573. The fourth district has *649 aligned itself with McGuire. See Moses v. State, 844 So.2d 686 (Fla. 4th DCA 2003). Because we disagree that rule 3.050 applies, we reach a contrary conclusion.
Our analysis of this issue begins with a review of the recent history of rule 3.800(b). In 1996, rule 3.800(b) was revised to provide a mechanism for the correction of sentencing error by the trial judge prior to the filing of the notice of appeal. See In re: Amendments to the Florida Ride of Criminal Procedure, 675 So.2d 1374 (Fla.1996). The principal purpose for this rule revision was to give defendants an opportunity to preserve sentencing issues for appellate review. Id. The 1996 version of the rule required that the motion be filed within 10 days after sentence was imposed, but before a notice of appeal was filed. Once filed, the trial judge was required to rule on the motion no later than 60 days after sentence had been imposed. The timely fifing of a rule 3.800(b) motion delayed “rendition” of the final order for purposes of commencement of an appeal.
In the 2000 amendment to rule 3.800(b), the prior version of rule 3.800(b) was renumbered as 3.800(b)(1), with some revision. In addition, the court added subsection (b)(2), which provides a procedure by which such motions can be heard by the trial judge even after the jurisdiction of the appellate court has been invoked. Both of these subsections continue to embody the court’s sentiment for expediency by requiring that the motions be filed and disposed of within a relatively short period. The court’s comment to the revision contemplates that, even when evidence is needed to resolve the issues raised in the motion, the 60-day rule still applies:
When a trial court determines that an evidentiary hearing is necessary to resolve a factual issue, it is possible that the court will need to utilize the entire 60-day period authorized by this rule. However, trial courts and counsel are strongly encouraged to cooperate to resolve these motions as expeditiously as possible because they delay the appellate process.
Court Commentary to 2000 Amendments to Rule 3.800 (emphasis supplied). To ensure such prompt disposition, the rule employs self-executing language providing for the denial of any motion not ruled upon within the 60-day limit and further makes no provision for the extension of this period.
Although the correction of error in a prompt fashion might be accomplished through application to the trial judge under the rule, and an unnecessary appeal thereby obviated, the rule acknowledges that the converse might also occur-that the trial judge might not recognize the error. Because a principal objective of the rule is to allow a defendant an opportunity to preserve an otherwise unpreserved error, this goal is accomplished whether the trial judge grants the relief or not. But when the trial judge for whatever reason fails to rule within 60 days and ultimately denies the motion, the defendant’s right to have the matter promptly reviewed through the appellate process is delayed, resulting in prejudice, especially to an incarcerated defendant. The rule, therefore, strikes a balance by limiting the delay in the appellate process to 60 days while at the same time accomplishing its primary objective.
As to the application of rule 3.050 to further “delay the appellate process,” we think that its general provisions conflict with the specific, self-effectuating provisions of rule 3.800(b), the intent of which is made clear by both the language of the rule and court commentary. Under these circumstances, the specific provisions of rule 3.800(b) should control over the general provisions of rule 3.050. Further *650 more, because rule 3.050 also authorizes after-the-fact extensions of time, the literal application of this rule might lead to the absurd result of extending a deadline to rule on a motion that has already been automatically denied. Thus, to apply rule 3.050 and avoid this absurdity requires a contorted interpretation of rule 3.050 that is tantamount to rewriting the rule for this special circumstance. ■ Finally, rule 3.050, by its express terms, does not authorize extensions of time for “taking an appeal.” Extending the 60-day limit, at least in the case of a rule 3.800(b)(1) motion, would delay “rendition” of the final judgment and thereby delay the time within which an appeal must be “taken,” contrary to the language of this rule. Moreover, in the case of a rule 3.800(b)(2) motion, to extend the 60-day limit and thereby delay the prosecution of the appeal seems contrary to the spirit, if not the letter, of rule 3.050.
In conclusion, the 60-day time limit embodied in rule 3.800(b) does not contemplate extensions. Moreover, we believe it strikes an appropriate balance of allowing the defendant to preserve sentencing errors, and allowing the litigants and the trial court the opportunity to briefly revisit sentencing errors without an undue delay in the appellate process. To allow indefinite extensions based on the nebulous “good cause” standard will result in untold complications to what is now a simple and streamlined process.[1] But even if we are wrong in our conclusion that the 60-day limit makes good sense, the remedy lies with an amendment to the applicable rules, rather than a revision under the guise of interpretation.[2]
MOTION DENIED; CONFLICT CERTIFIED.
SAWAYA, C.J., and SHARP, W., J., concur.

. For example, because the trial court would apparently have concurrent jurisdiction to grant such extensions (see McGuire, 779 So.2d at 572 n. 1), which may be done with or without notice under rule 3.050, extensions might become commonplace in overburdened trial courts with overburdened public trial lawyers. Because a trial court’s determination of “good cause” would be reviewed under an abuse of discretion standard, district courts would have little control over backlogged, pending appellate cases. Moreover, rule 3.050 provides no limit on the number or duration of any such extensions, further contributing to the potential for abuse and resulting delays. Finally, if rule 3.050 were applicable, the State may also seek an extension, thereby delaying a defendant’s right to prompt appellate review of not only sentencing issues, but all other issues included in the direct appeal.

. We note that our decision today has no effect on extensions of time as they relate to Florida Rule of Criminal Procedure 3.800(c). Under that rule, the 60-day limit is not self-effectuating and extensions of time do not delay the appellate process. See Timmer v. State, 840 So.2d 1160 (Fla. 5th DCA 2003). See also Abreu v. State, 660 So.2d 703 (Fla.1995) (allowing extensions under precursor to 3.800(c)).