878 So.2d 1270 (2004)
Latravia Rodriguez McGILL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1719.
District Court of Appeal of Florida, Fifth District.
August 6, 2004.
*1271 James B. Gibson, Public Defender, and Allison Havens, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
The defendant appeals raising as his sole point alleged error when the trial court sentenced him to a ten year minimum mandatory term of imprisonment. The trial court granted the defendant relief pursuant to a motion to correct sentence but because the order was entered more than 60 days after the motion was filed, it is a nullity.
The State concedes that an error was committed in imposing the ten year minimum mandatory and "requests this Court grant the same relief that was granted by the trial court at the... resentencing hearing."
Briefly, the defendant was sentenced on six separate cases on April 28, 2003. In Case No. 02-35061, he was sentenced on the charge of principal to robbery with a firearm to 11.5 years incarceration followed by three years drug offender probation. He also received a ten year minimum mandatory sentence pursuant to section 775.087, Florida Statutes (possession of a firearm).
While in two of the other cases the trial court correctly checked the 10 year minimum mandatory box, in this case, as recognized by the State, "it appears that the trial court inadvertently checked the 10 year minimum mandatory box." This is because a conviction on a principal theory is not sufficient to warrant the imposition of the minimum mandatory sentence. Freeny v. State, 621 So.2d 505 (Fla. 5th DCA 1993).
The defendant filed a Rule 3.800(b)(2) motion on August 6, 2003. The trial court ordered a hearing and on October 31, 2003, the trial court entered a corrected sentence. The court explained:
So I will remove the minimum mandatory box, I will prepare a new judgment and sentence form that will reflect a proper sentence on the principal for robbery with a firearm charge. The other charges will stand.
....
You will be adjudicated guilty of the charge of principal to robbery with a firearm and sentenced to 11.5 years' incarceration in the department of corrections to be served concurrently with all other sentences which were imposed at the same time.
The incarceration is to be you'll receive credit for time served. The credit through date of the preparation of this order, which was May 16th  excuse me, April 26, 2003, was 535 days of credit. Following that will have to be calculated by the department of corrections for the time that you've served since that day. The incarceration is to be followed by a period of three years of drug offender probation, subject to all the standard conditions of drug offender probation. That probation is also to run concurrent with all probationary terms.
However, because the order was entered beyond the 60 day period provided in rule 3.800, it is a nullity. See Kimbrough v. State, 766 So.2d 1255 (Fla. 5th DCA 2000). In *1272 Overway v. State, 783 So.2d 373 (Fla. 5th DCA 2001), this court held that in circumstances such as presented here, reversal and remand to permit the trial court to again enter its corrective sentence is appropriate. Accordingly, we reverse the sentence in Case No. 02-35061 and remand the cause to the trial court to re-enter the corrected sentencing order of October 31, 2003.
REVERSED AND REMANDED.
SAWAYA, C.J., and PETERSON, J., concur.