887 So.2d 1286 (2004)
Travis Terrell DAVIS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC04-568.
Supreme Court of Florida.
November 18, 2004.
James B. Gibson, Public Defender, Brynn Newton, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Kellie A. Nielan, Bureau Chief, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, FL, for Respondent.
WELLS, J.
We have for review Davis v. State, 868 So.2d 647 (Fla. 5th DCA 2004), which expressly and directly conflicts with the decision in McGuire v. State, 779 So.2d 571 *1287 (Fla. 2d DCA 2001). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
The Fifth District Court of Appeal recited the facts of this case in its decision:
On January 5, 2004, Appellant timely filed a Motion to Correct Sentencing Error, pursuant to rule 3.800(b)(2). The trial court scheduled a hearing on the motion for February 25, 2004, but the hearing was not held because Appellant had not been transported to Seminole County from the Department of Corrections. The trial court rescheduled the hearing to March 24, 2004, in order to secure Appellant's presence. However, the new hearing date is outside the 60-day window within which the trial court must rule on the motion. Implicit in the trial court's order, therefore, was an extension of time for the court to hear and rule on the motion. Nevertheless, out of caution, Appellant filed the instant motion with this court seeking an extension of the 60-day time limit.
Davis, 868 So.2d at 648. Both parties urged the Fifth District to allow the extension of time because there was good cause, and the motion was filed within the sixty-day time period. However, the district court disagreed and found that no extensions of time were authorized under Florida Rule of Criminal Procedure 3.800(b). On review, both parties argue that we should allow the extension of time and quash the Fifth District's decision.
The issue before this Court is limited to whether Florida Rule of Criminal Procedure 3.050 applies to rule 3.800(b)(2). The Second and Fourth District Courts of Appeal have held that rule 3.050 applies to rule 3.800(b) in certain circumstances, while in the instant decision, the Fifth District held that rule 3.050 does not apply to rule 3.800(b). Both parties before this Court advocate following the decisions of the Second and Fourth Districts, which have held that rule 3.050 applies to rule 3.800(b)(2), thus allowing an extension of time when a motion is filed within the sixty-day time period where there is good cause for the granting of an extension.
In the latest amendment to rule 3.800(b), subdivision (b)(2) was added, which provided a procedure for concurrent jurisdiction motions, which motions can be heard by the trial court after the jurisdiction of the appellate court has been invoked. The rule was adopted in recognition of the fact that additional time was needed in many cases so that the trial court could complete decisions in the trial court prior to appellate review. Thus, the rule promoted effective and efficient processing of the review. Rule 3.800(b)(2)(B) adopts the procedure for a motion before appeal by adopting the procedure in 3.800(b)(1)(B), which provides in pertinent part:
Within 60 days from the filing of the motion, the trial court shall file an order ruling on the motion. If no order is filed within 60 days, the motion shall be considered denied.
Rule 3.800(b) does not expressly provide for an extension of the sixty-day period. However, rule 3.050 provides in its entirety:
When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may, at any time, in its discretion (1) with or without notice, order the period enlarged if a request therefor is made before the expiration of the period originally prescribed or extended by a previous order or (2) upon motion made and notice after the expiration of the specified period, permit the act to be done when the failure to act was the result of excusable neglect; but it may not, except as provided by statute *1288 or elsewhere in these rules, extend the time for making a motion for new trial, for taking an appeal, or for making a motion for a judgment of acquittal.
The Fifth District held that rule 3.800(b) is a self-executing rule under which no extensions of time are allowed. The Fifth District concluded that the strict enforcement of the sixty-day period was intended to prevent the abuse of requests for extensions of time. The Fifth District did not apply rule 3.050 because it considered the general provisions of rule 3.050 to conflict with the specific provisions of the sixty days provided by rule 3.800(b)(1)(B).
In so holding, the Fifth District followed its earlier opinion in Kimbrough v. State, 766 So.2d 1255 (Fla. 5th DCA 2000). In Kimbrough, a motion was timely filed within sixty days to correct a sentence pursuant to rule 3.800(b). However, the trial court failed to rule on the motion within the sixty-day time period. The Fifth District stated that rule 3.800(b) "is self-executing and there is no authority in the rule for either the trial court or the appellate court to extend that time period." Id. at 1256. The court did not allow the parties to extend the sixty-day time period.
In the instant decision, the Fifth District cited the commentary to the amendments to rule 3.800 in support of its holding that the sixty-day time period is not subject to a time extension. The commentary stated in pertinent part:
When a trial court determines that an evidentiary hearing is necessary to resolve a factual issue, it is possible that the court will need to utilize the entire 60-day period authorized by this rule. However, trial courts and counsel are strongly encouraged to cooperate and resolve these motions as expeditiously as possible because they delay the appellate process.
Davis, 868 So.2d at 649 (emphasis omitted) (quoting 1999 court commentary). The Fifth District is correct that the commentary indicates that the rule intends that this procedure enhance the process without delaying the process.
However, we conclude that rule 3.050 can be applied to a rule 3.800(b) motion. We agree with the Second District's analysis in McGuire v. State, 779 So.2d 571 (Fla. 2d DCA 2001), written by Chief Judge Altenbernd, which held that rule 3.050 authorizes the trial court to extend the sixty-day time period of rule 3.800(b) if the trial court acts within the sixty-day period to extend the time period and there is a showing of good cause. In McGuire, a scheduling problem arose because of a change in personnel at the State Attorney's office, and the State filed a motion to extend time because they could not respond to a motion to correct sentence under 3.800(b)(2) within the sixty-day period. The court pointed to the case as providing a good example of "the wisdom of permitting an occasional extension." Id. at 573. In so doing, the Second District held that "a trial court has concurrent jurisdiction to authorize an extension of time to resolve a rule 3.800(b)(2) motion, upon a showing of good cause, prior to the expiration of the original sixty-day period." Id. at 572. The court continued:
This rule is intended to give the parties a meaningful opportunity to correct sentencing errors in the trial court rather than in the appellate court. This process allows an error to be corrected faster and earlier, and without the need for a published opinion reversing the trial judge's original error. As demonstrated by this case, it sometimes eliminates the need for an appeal.
McGuire, 779 So.2d at 572-73.
The Fourth District aligned itself with the Second District in Moses v. State, 844 *1289 So.2d 686 (Fla. 4th DCA 2003), review denied, 858 So.2d 331 (Fla.2003). In Moses, the court analyzed the issue of whether the trial court's failure to enter a written order on the defendant's 3.800(b) motion within sixty days nullified the new sentence imposed by the trial court. The court stated:
We hold that the trial court has the authority to extend the sixty (60) day period set forth in Florida Rule of Criminal Procedure 3.800(b), upon a showing of good cause as long as the court acts within the sixty days to extend the time.
Id. at 687.
This Court has applied rule 3.050 to extensions of time in State v. Boyd, 846 So.2d 458 (Fla.2003), and Abreu v. State, 660 So.2d 703 (Fla.1995), in respect to rules which have specific time limitations. Boyd was a postconviction decision where a pro-se motion for an extension of time to seek postconviction relief was denied by the trial court because it was untimely under rule 3.850. Rule 3.850 requires that a motion be filed within two years from the date the conviction becomes final. However, the district court reversed and this Court upheld its decision, finding that rule 3.050 applies to postconviction motions and permits an extension of time for good cause. In that decision, good cause was defined as follows:
We defined good cause in [In re Estate of] Goldman, [79 So.2d 846 (Fla.1955)], finding that it is "a substantial reason, one that affords a legal excuse, or a cause moving the court to its conclusion, not arbitrary or contrary to all the evidence, and not mere ignorance of law, hardship on petitioner, and reliance on [another's] advice." ...
The determination of good cause is based on the peculiar facts and circumstances of each case. Obviously the trial court is in the best position to weigh the equities involved, and his exercise of discretion will be overruled only upon a showing of abuse.

Dohnal v. Syndicated Offices Systems, 529 So.2d 267, 269 (Fla.1988) (quoting Goldman, 79 So.2d at 848) (citations omitted).
Boyd, 846 So.2d at 460 (alterations in original).
This Court's earlier decision in Abreu also allowed for an extension of time under rule 3.050, and that case involved rule 3.800(b) prior to its latest amendment. In Abreu, a motion to mitigate the sentence was filed under the earlier rule 3.800(b), and at the same time, in preparation for the expiration of the sixty-day time period, a motion for extension of time was also filed. The trial court allowed these motions and began the hearing prior to the expiration of the sixty-day period, but recessed and did not finish the hearing until after the expiration of the sixty-day time period. The trial court resentenced the defendant according to the new mitigation. However, the district court quashed the order, holding that the trial court was without jurisdiction to enter the mitigation order after the expiration of the sixty-day time period prescribed by rule 3.800(b). In quashing the district court's decision this Court stated:
The Florida Rules of Criminal Procedure are designed to promote justice and equity while also allowing for the efficient operation of the judicial system. We see no reason why the provisions of rule 3.050 should not be applied to rule 3.800. We hold that the sixty-day period in rule 3.800(b) may be extended pursuant to rule 3.050, providing the matter is resolved within a reasonable time.
Although repeated extensions of the sixty-day time limit would violate separation *1290 of powers principles, that is not what happened in this case. The judge obviously believed that it was in the interest of justice to consider the record more fully and to allow the newly appointed counsel time to prepare for the hearing. Moreover, the judge used due diligence in conducting the mitigation proceedings and entered an order on the motion with reasonable dispatch.
Abreu, 660 So.2d at 704-05.
Based upon the reasons herein, we quash the Fifth District's decision in Davis v. State, 868 So.2d 647 (Fla. 5th DCA 2004), and approve the Second District's decision in McGuire v. State, 779 So.2d 571 (Fla. 2d DCA 2001).
It is so ordered.
PARIENTE, C.J., and ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.