910 So.2d 308 (2005)
Marian WHITMORE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1303.
District Court of Appeal of Florida, Second District.
August 31, 2005.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Marian Whitmore was convicted of multiple offenses in five cases. She appealed. While her appeal was pending, she filed a motion to correct sentencing errors under Florida Rule of Criminal Procedure 3.800(b)(2). Because the trial court's order granting the motion was not timely, we reverse.
In Whitmore's rule 3.800(b)(2) motion, she claimed that it was illegal to sentence her to drug offender probation in two cases in which she was charged with three counts of uttering a forged check and two counts of fraudulent use of a credit card. The trial court granted Whitmore's motion but not within sixty days as the rule requires; the trial court was two days late in granting relief. Accordingly, the court's order is a nullity, and Whitmore's motion is deemed denied. O'Neill v. State, 841 So.2d 629 (Fla. 2d DCA 2003) (citing Jackson v. State, 793 So.2d 117, 118 (Fla. 2d DCA 2001)). However, the issue Whitmore raised in her motion is preserved for review. Jackson, 793 So.2d at 118.
*309 Uttering a forged check and fraudulent use of a credit card are not enumerated offenses subject to drug offender probation. See § 948.034(1), Fla. Stat. (2000); Buswell v. State, 855 So.2d 687, 688 (Fla. 2d DCA 2003). Therefore, as the State correctly concedes, it was error for the trial court to sentence her to drug offender probation in cases 00-1010 and 00-1635. Accordingly, we reverse and remand for the trial court to enter an order striking the drug offender probation conditions in cases 00-1010 and 00-1635.
Reversed and remanded.
NORTHCUTT and LaROSE, JJ., Concur.