933 So.2d 687 (2006)
William CONROY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3589.
District Court of Appeal of Florida, Second District.
July 21, 2006.
James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Amanda Lea Colon, Assistant *688 Attorney General, Tampa, for Appellee.
DANAHY, PAUL W., Senior Judge.
This case involves a sentencing error which requires our reversal. We do so because the trial court failed to timely correct the error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
William Conroy pleaded guilty to two counts of child neglect before Circuit Judge Jack Espinosa, Jr., at a hearing on July 25, 2003. Sentencing did not take place until April 30, 2004, when a sentencing hearing was conducted before Circuit Judge Wayne S. Timmerman. There is nothing in the record to suggest that Judge Espinosa could not have conducted the sentencing hearing.
Conroy filed a 3.800(b)(2) motion with the trial court on February 18, 2005, contending that he was prejudiced because (1) his plea was accepted by one judge and he was sentenced by another and (2) he was sentenced under an incorrectly scored and inaccurately calculated Criminal Punishment Code (CPC) scoresheet on count one, and under the wrong sentencing guidelines on count two. The trial court granted Conroy's motion and entered its order on April 25, 2005. This was error.
Rule 3.800(b)(2) requires the trial court to "resolve this motion in accordance with the procedures in subdivision (b)(1)(B)," which states, "[w]ithin 60 days from the filing of the motion, the trial court shall file an order ruling on the motion. If no order is filed within 60 days the motion shall be considered denied."
The trial court's order was entered sixty-seven days after the motion was filed. Therefore, although the State correctly conceded error in the court and the court attempted to correct the error, it was without jurisdiction to do so on April 25, 2005. Hansell v. State, 879 So.2d 646 (Fla. 1st DCA 2004). Moreover, while the sixty-day period may be extended for good cause, it cannot be extended after it has already run. McGuire v. State, 779 So.2d 571 (Fla. 2d DCA 2001).
The State concedes that Conroy is entitled to be resentenced using the correct scoresheets and guidelines. Further, we agree with Conroy that, without a showing of necessity, it is error to permit sentencing by a judge "other than the one that presided at the trial or plea hearing." Madrigal v. State, 683 So.2d 1093, 1096 (Fla. 4th DCA 1996). Accordingly, we remand this case to the trial court for a resentencing hearing using the correct scoresheets and guidelines before the same judge who accepted the plea unless the record demonstrates the necessity of a substitute judge.
Sentence vacated and case remanded for resentencing.
ALTENBERND and WALLACE, JJ., Concur.