KELLY, Judge.
 

 Katrina Renee McGarrah appeals her sentence for DUI manslaughter and the imposition of certain statutory costs. We find no reversible error as to the imposition of costs. We reverse McGarrah’s sentence, however, because it exceeds the maximum permissible prison sentence authorized under her Criminal Punishment Code scoresheet.
 
 See
 
 § 921.0024(2), Fla. Stat. (2007).
 

 McGarrah pleaded no contest to DUI manslaughter, a second-degree felony, and
 
 *218
 
 was sentenced to seventeen years’ incarceration. McGarrah filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion with the trial court contending that her sentence was illegal because it exceeded the fifteen-year statutory maximum for the offense. Although the trial court eventually granted McGarrah’s motion and amended her judgment and sentence, it did so outside of the sixty-day time period set forth in the rule, rendering the amended judgment and sentence a nullity.
 
 [1]
 

 See
 
 Fla. R.Crim. P. 8.800(b)(2)(B);
 
 Jackson v. State,
 
 793 So.2d 117 (Fla. 2d DCA 2001).
 

 As the trial court recognized and the State concedes, McGarrah’s seventeen-year sentence for DUI manslaughter is illegal. DUI manslaughter is a second-degree felony punishable by a maximum term of fifteen years. §§ 316.193(3)(c)(3)(a); 775.082(3)(e), Fla. Stat. (2007). A sentence can exceed the statutory maximum for an offense, but only if the lowest permissible sentence under the Criminal Punishment Code exceeds the statutory maximum for that offense. Fla. R.Crim. P. 3.704(d)(25); § 921.0024, Fla. Stat. (2007). When the lowest permissible sentence under the Code exceeds the statutory maximum, the trial court must impose the sentence required by the Code.
 
 Id.
 
 McGarrah’s Criminal Punishment Code scoresheet provides for a lowest permissible sentence of 15.593 years. Because this sentence is greater than the fifteen-year statutory maximum sentence for DUI manslaughter, the court was required to sentence McGarrah to a term of 15.593 years for that offense.
 
 See
 
 § 921.0024(2) (providing in part: “If the lowest permissible sentence under the code exceeds the statutory maximum sentence ... the sentence required by the code must be imposed.”).
 

 Accordingly, we reverse McGarrah’s sentence for DUI manslaughter and remand for imposition of a sentence consistent with this opinion. In all other respects, McGarrah’s convictions and sentences are affirmed.
 

 Affirmed in part, reversed in part, and remanded for resentencing.
 

 NORTHCUTT and KHOUZAM, JJ., Concur.
 

 [1]
 

 . McGarrah filed a second rule 3.800(b)(2) motion asserting that her sentence was illegal because it exceeds the statutory maximum under the Criminal Punishment Code. This motion was never ruled upon.