VILLANTI, Judge.
 

 Seyed R. Miran seeks review of the amended judgment and sentence imposed upon remand after this court reversed the revocation of his probation. Because the trial court rendered the amended judgment and sentence after it had lost jurisdiction to so do, we must reverse and remand for reentry of the judgment and sentence.
 

 The timeline in this case is critical. On May 5, 2005, the trial court found Miran guilty of one count of second-degree grand theft. The court withheld adjudication, sentenced Miran to fifteen years’ probation, and imposed $30,000 in restitution to be paid as a condition of probation. The trial court subsequently revoked Miran’s probation on August 22, 2007, based on a finding that he left the state without permission. The court adjudicated him guilty and sentenced him to five years in prison.
 

 By opinion dated January 7, 2009, this court reversed the revocation of Miran’s probation, finding that it was based solely on hearsay evidence.
 
 Miran v. State,
 
 997 So.2d 526 (Fla. 2d DCA 2009). The effect of this court’s opinion should have been to reinstate Miran’s original withhold of adjudication and sentence of fifteen years’ probation with payment of restitution as a condition of probation. However, on remand, the trial court reinstated the probationary sentence but refused to set aside the adjudication of guilt despite Miran’s argument that reinstatement of the withhold of adjudication was required by this court’s mandate.
 

 Miran appealed this new judgment and sentence on March 17, 2009. On October 5, 2009, Miran filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error, alleging again that this court’s mandate required that the adjudication of guilt be set aside and the withhold of adjudication reinstated. Based on the date this motion was filed, the trial court had until December 4, 2009, to rule on it.
 

 
 *188
 
 On December 1, 2009, the trial court entered an order requiring the State to file a response to Miran’s motion and extending its own jurisdiction to rule on the pending rule 3.800(b)(2) motion until January 8, 2010. This extension of time was a proper exercise of the trial court’s discretion.
 
 See Davis v. State,
 
 887 So.2d 1286, 1288 (Fla.2004);
 
 McGuire v. State,
 
 779 So.2d 571, 572 (Fla. 2d DCA 2001). The State responded, and at a hearing on January 8, 2010, the trial court orally granted Miran’s rule 3.800(b)(2) motion; however, no written order or amended judgment and sentence were contemporaneously entered.
 

 Almost a month later, this court received a notice from the circuit court clerk indicating that she could not file the supplemental record required by rule 3.800(b)(2) because no written order or amended judgment and sentence had been rendered. On February 3, 2010, this court ordered the trial court to “arrange for
 
 entry
 
 of a written order on the 3.800(b)(2) motion
 
 and corrected associated documents
 
 within 15 days, or the motion will be deemed denied.” (Emphasis added.) Thus, by this court’s order, the trial court had jurisdiction until Thursday, February 18, 2010, to enter both a written order
 
 and an amended judgment and sentence
 
 or Miran’s motion would be deemed denied despite the earlier oral ruling granting the motion.
 

 On February 10, 2010, the trial court rendered a written order granting Miran’s rule 3.800(b)(2) motion. On February 15, the trial court rendered an amended order granting the motion and ordering the clerk to prepare the amended judgment and sentencing documents. However, the amended judgment and sentence were not actually rendered until March 1, 2010, eleven days after the grant of extended jurisdiction from this court had expired and without any request from the trial court for an extension of time in which to comply with this court’s order.
 

 In this appeal, both parties admit that the amended judgment and sentence reflect the proper reinstatement of Miran’s original sentence. However, the amended judgment and sentence were rendered at a time when the trial court no longer had jurisdiction pursuant to this court’s February 3, 2010, order. When a trial court enters an order on a rule 3.800(b)(2) motion outside of the time permitted for ruling on such a motion, the order is deemed a nullity and must be stricken.
 
 See, e.g., Mapp v. State,
 
 18 So.3d 33, 37 (Fla. 2d DCA 2009) (striking out-of-time order purporting to rule on a pending rule 3.800(b)(2) motion);
 
 Whitmore v. State,
 
 910 So.2d 308, 308 (Fla. 2d DCA 2005) (noting that order granting relief on rule 3.800(b)(2) motion was a nullity when it was entered two days after the permissible time period). Since the amended judgment and sentence in this case were entered outside of the time permitted by this court, they are a nullity and must be stricken.
 

 We recognize that this court has, as a matter of practice, allowed a trial court to enter an out-of-time written order on a rule 3.800(b)(2) motion when the motion was orally granted during the proper time period. We have done this in recognition of the fact that entering the written order is simply a ministerial act that memorializes the prior timely oral ruling.
 
 Cf. Henry v. State,
 
 42 So.3d 317, 318-19 (Fla. 2d DCA 2010) (finding trial court had jurisdiction to enter written order of restitution' after notice of appeal was filed when the court had orally imposed restitution before the notice of appeal was filed).
 

 However, unlike in those cases, the problem in this case is not that the trial court failed to perform a ministerial act
 
 *189
 
 within a reasonable time after making an oral ruling. Instead, the problem is the trial court failed to comply with this court’s order within the time specifically provided by this court. In this court’s February 3 order, we relinquished jurisdiction to the trial court for fifteen days and directed the trial court to take certain actions within that time. Once those fifteen days elapsed with no request from the trial court for an extension of time, the trial court no longer had jurisdiction to act, and it had no authority to grant itself a de facto extension of time to enter the written amended judgment and sentence. Therefore, the amended judgment and sentence in this case are a nullity, having been rendered at a time when the trial court had no jurisdiction.
 

 Accordingly, we reverse the amended judgment and sentence and remand for entry of a new judgment and sentence at a time when the trial court has jurisdiction. Miran need not be present.
 
 See Smith v. State,
 
 870 So.2d 61, 62 (Fla. 2d DCA 2003);
 
 Windisch v. State,
 
 709 So.2d 606, 607 (Fla. 2d DCA 1998).
 

 Reversed and remanded for further proceedings in accordance with this opinion.
 

 DAVIS and MORRIS, JJ., Concur.