CASANUEVA, Chief Judge.
 

 We affirm Mr. Gallegos’ judgments and sentences without comment. However, we write to direct the trial court on remand to strike the postsentence order that it entered without jurisdiction.
 

 On August 5, 2010, while this appeal was pending, Mr. Gallegos filed in the trial court a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court must rule on such a motion within sixty days of filing or it is deemed denied.
 
 See
 
 Fla. R.Crim. P. 3.800(b)(1)(B). However, it did not issue an order on the motion until January 20, 2011, long after the sixty days had passed. That order found that Mr. Gallegos’ claims had merit and gave the State twenty days to choose between two alternative types of relief.
 

 “When a trial court enters an order on a rule 3.800(b)(2) motion outside of the time permitted for ruling on such a motion, the order is deemed a nullity and must be stricken.”
 
 Miran v. State,
 
 46 So.3d 186, 188 (Fla. 2d DCA 2010);
 
 see also Mapp v. State,
 
 18 So.3d 33, 37 (Fla. 2d DCA 2009) (striking an out-of-time order granting a rule 3.800(b) motion);
 
 Jackson v. State,
 
 950 So.2d 1267, 1267 (Fla. 2d DCA 2007) (holding that an order rendered more than sixty days after the filing of a rule 3.800(b)(2) motion was a nullity). Therefore, while we affirm the judgments and sentences, we must remand to the trial court to strike the January 20, 2011, order and any subsequent orders entered on the rule 3.800(b)(2) motion.
 

 Judgments and sentences affirmed; remanded with instructions.
 

 VILLANTI and LaROSE, JJ., Concur.