PER CURIAM.
We conclude that the trial court did not abuse its discretion in denying Cleveland’s motion for mistrial and, accordingly, affirm his convictions. However, as the State concedes, the sentencing order erroneously fails to award Cleveland credit for time *405 served on Counts I (aggravated stalking with a credible threat) and IV (retaliating against a witness by threatening bodily harm).[1] On remand, the trial court shall correct this error.
AFFIRMED in part; REVERSED in part; REMANDED for Correction of Sentencing Order.
ORFINGER, C.J., MONACO, and EVANDER, JJ., concur.

. The trial court did attempt to correct this sentencing error, but did so after the sixty day time limit set forth in Florida Rule of Criminal Procedure 3.800 had expired. Therefore, the order purporting to grant Cleveland's motion to correct sentence was a nullity. See McGill v. State, 878 So.2d 1270, 1271 (Fla. 5th DCA 2004).