977 So.2d 801 (2008)
James Russell BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4874.
District Court of Appeal of Florida, Second District.
April 4, 2008.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
*802 Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
James Russell Barnes appeals his resentencing on his conviction for attempted carjacking after the trial court granted his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). On appeal, Barnes argues that his new written sentence does not conform to the trial court's oral pronouncement of sentence at the resentencing hearing. The State concedes the error.
The written sentence provides that Barnes' prison releasee reoffender (PRR) sentence run consecutively to his habitual violent felony offender (HVFO) minimum mandatory sentence even though the trial court orally pronounced that his PRR and HVFO sentences were to run concurrently. The trial court erred in entering a written sentence that did not conform to the court's oral pronouncement. See Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003) ("[A] court's oral pronouncement of sentence controls over the written document."); Guerra v. State, 927 So.2d 248, 249 (Fla. 2d DCA 2006) ("If a discrepancy exists between the written sentence and the oral pronouncement, the written sentence must be corrected to conform to the oral pronouncement."). Barnes properly preserved this issue by filing a motion to correct sentencing error pursuant to rule 3.800(b). Accordingly, we reverse and remand for correction of Barnes' written sentence.
Reversed and remanded.
SILBERMAN, CANADY, and WALLACE, JJ., Concur.