CASANUEVA, Chief Judge.
 

 Charles Mapp, who pleaded guilty in two cases for various crimes committed on the same day in different locales, appeals two sentencing errors that remain uncorrected due to the fact that the circuit court entered an untimely order on his motion pursuant to Florida Rule of Criminal Procedure 3.800(b). He first asserts that he was sentenced as a habitual offender without proper notice. He next asserts that there was insufficient evidence to establish the substantial amount of restitution imposed or the evidence adduced was deficient to support that amount. The State concedes error on his first claim, but we are unable to accept that concession for reasons explained below. We strike the circuit court’s untimely order on Mr. Mapp’s rule 3.800(b) motion and affirm the sentences and amount of restitution.
 

 The Proceedings in the Circuit Court
 

 In Polk County Circuit Court case number 06-9191, the information charged Mr. Mapp with burglary of a conveyance and grand theft of a quantity of mechanic’s tools, both third-degree felonies, and dealing in stolen property, a second-degree felony. In circuit court case number 06-
 
 *35
 
 9192, the information charged burglary, grand theft of an auto, and possession of cocaine, third-degree felonies, and possession of drug paraphernalia, a first-degree misdemeanor. He entered a straight up plea to all the charges. Neither he nor his defense counsel received notice that the State intended that he be sentenced as a habitual felony offender (HFO) until, at the sentencing hearing, the State orally suggested that he qualified as an HFO.
 
 [1]
 
 In case number 06-9191, the court imposed concurrent sentences of ten years’ incarceration as an HFO for the burglary and dealing in stolen property counts.
 
 [2]
 
 In case number 06-9192, the court sentenced him to ten years’ incarceration as an HFO for the burglary and grand theft counts, five years’ non-HFO incarceration for the possession of cocaine count, and one year’s incarceration for the misdemeanor paraphernalia count. The incarcerative terms in the second case were imposed concurrently with each other but consecutive to the concurrent terms in the first case. After hearing from the victims at the sentencing hearing about their monetary losses, the court also ordered Mr. Mapp to pay a substantial amount of restitution.
 

 Mr. Mapp’s counsel filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b), claiming as sentencing errors the habitualization of the sentences without notice and insufficient evidence to support the amount of restitution ordered. The court struck the HFO designation from the sentences and vacated the order of restitution, but it did so well outside the permitted sixty-day time limit to make a correction in the sentencing order.
 

 Analysis
 

 The rule 3.800(b) motion claimed two errors: habitualizing Mr. Mapp’s sentences without notice and imposing an unsubstantiated amount of restitution. The circuit court granted the relief requested in the rule 3.800(b) motion but beyond the sixty-day time limit. As a result, the motion is deemed denied,
 
 see
 
 rule 3.800(b)(2)(B), and the out-of-time order striking the HFO designation and vacating the order of restitution is a nullity.
 
 See O’Neill v. State,
 
 841 So.2d 629 (Fla. 2d DCA 2003);
 
 Jackson v. State,
 
 793 So.2d 117, 118 (Fla. 2d DCA 2001) (“Although the trial court’s untimely order properly granted relief on some of the sentencing errors raised in the motion, that order is a nullity because it was untimely entered.”). In
 
 Jackson,
 
 this court held that the filing of the rule 3.800(b)(2) motion nevertheless preserved the sentencing errors when the circuit court did not timely rule on the motion. 793 So.2d at 118 (citing
 
 McGuire v. State,
 
 779 So.2d 571, 572 (Fla. 2d DCA 2001) (“This automatic denial of the motion allows the defendant to preserve the alleged sentencing error for appellate review ... when a trial judge does not take action on the motion.”)). Ordinarily, a rule 3.800(b) motion can preserve a sentencing error for review even if the trial court does not rule on the motion in a timely manner. However, in this case, the rule 3.800(b) motion did not preserve the issues raised by Mr. Mapp because they do not concern
 
 *36
 
 “sentencing errors” that are cognizable in such motions.
 

 When the court habitualized Mr. Mapp’s sentences, defense counsel stood mute and did not object that notice had not been received. Similarly, at the close of the evidence from the victims about their monetary losses, defense counsel did not object to what may have been insufficient evidence. These errors are not cognizable in a rule 3.800(b) motion because they are not “sentencing errors” as comprehended by that rule. As this court explained in
 
 Griffin v. State,
 
 946 So.2d 610 (Fla. 2d DCA 2007),
 
 rev’d on other grounds,
 
 980 So.2d 1035 (Fla.2008):
 

 First, we conclude that any issue regarding the admissibility of evidence presented at the sentencing hearing to support prison releasee reoffender sentencing was waived when Mr. Griffin’s counsel failed to object to the evidence. It could not be resurrected by a motion to correct sentencing error. The second or amended motion to correct sentencing error asserted that the circuit court admitted into evidence a “crime and time” letter prepared by the Department of Corrections without proper authentication. Appellate counsel for Mr. Griffin acknowledged that Mr. Griffin’s trial counsel had not objected to the document, and thus appellate counsel sought to preserve this issue for appeal as a “sentencing error” by objecting to the evidence in the second motion filed under rule 3.800(b)(2).
 

 We conclude that the admissibility of such evidence is not a proper subject for a motion under rule 3.800(b). “Sentencing error” for purposes of this motion was never intended to cover any and all issues that arise at sentencing hearings and could have been subject to objection at the hearing. The rule was not intended to circumvent rules requiring contemporaneous objections or enforcing principles of waiver. It was not intended to give a defendant a “second bite at the apple” to contest evidentiary rulings made at sentencing to which the defendant could have objected but chose not to do so. It was not intended as a broad substitute for a postconviction claim of ineffective assistance of counsel for counsel’s representation at a sentencing hearing. Instead, it was intended to address errors to which the defendant had no meaningful opportunity to object and matters that rendered the sentence otherwise subject to review under rule 3.800(a).
 

 [[Image here]]
 

 Because sentencing documents are often created and served after the sentencing hearing, there has long been a problem with written sentences containing terms and conditions that were not imposed in open court and to which the defendant never received an opportunity to object. Rule 3.800(b) was created to address these issues. It also permits counsel to correct the kinds of issues that can be raised at any time because they render the sentence illegal. This distinction may admittedly be a little imprecise at times, but what is clear is that the motion was never intended to permit counsel to reopen a sentencing hearing merely to do a better job than was done at that hearing.
 

 Id. at 613.
 

 Although
 
 Griffin
 
 was reversed on other grounds, the supreme court later agreed with its analysis relating to the function of rule 3.800(b) and quoted with approval a portion of the above-cited discussion from
 
 Griffin. Jackson v. State,
 
 983 So.2d 562, 573 (Fla.2008). In
 
 Jackson,
 
 the supreme court resolved a conflict between
 
 Gonzalez v. State,
 
 838 So.2d 1242 (Fla. 1st DCA 2003), and
 
 Jackson v. State,
 
 952 So.2d 613
 
 *37
 
 (Fla. 2d DCA 2007), and decided which errors constitute “sentencing errors” for purposes of rule 3.800(b) and Florida Rule of Appellate Procedure 9.140(e). The court noted that rule 3.800(b) was not limited to the purpose of “correcting ‘illegal’ sentences or errors to which the defendant had no opportunity to object. Instead, the rule may be used to correct and preserve for appeal any error in an order entered as a result of the sentencing process — that is, orders related to the sanctions imposed.”
 
 Jackson,
 
 983 So.2d at 574. The supreme court reiterated that “[t]he rule was never intended to allow a defendant (or defense counsel) to sit silent in the face of a procedural error in the sentencing process and then, if unhappy with the result, file a motion under rule 3.800(b).”
 
 Id.
 
 at 573. The supreme court concluded:
 

 We therefore agree with Judge Stringer that “a ‘sentencing error’ that can be preserved under rule 3.800(b)(2) is an error in the sentence itself — not any error that might conceivably occur during a sentencing hearing.”
 
 Jackson,
 
 952 So.2d at 616 (Stringer, J., specially concurring). We also agree with the court in
 
 Griffin
 
 that rule 3.800(b) was not intended to circumvent rules requiring contemporaneous objections or to substitute for ineffective assistance of counsel claims. '
 

 Jackson,
 
 983 So.2d at 573.
 

 Thus, Mr. Mapp’s rule 3.800(b)(2) motion cannot preserve the errors complained of because they are not errors in the sentencing order but rather in the sentencing process and, as such, must be preserved by contemporaneous objection. Neither do the errors constitute an illegal sentence. Defense counsel waived the issue of lack of notice of intent to habitualize
 
 [3]
 
 and insufficient evidence of restitution by failing to object at the hearing when the HFO sentence and amount of restitution were imposed.
 

 Conclusion
 

 We strike the out-of-time order on the motion filed pursuant to rule 3.800(b)(2) that struck the habitual offender designation on the sentences and that vacated the order of restitution. Otherwise, the habit-ualized sentences and order of restitution as originally imposed are affirmed because any error in them has not been reserved for appellate review.
 

 SILBERMAN and KELLY, JJ„ concur.
 

 [1]
 

 . Mr. Mapp does not dispute that he qualifies as an HFO, but his concession is not germane to the issues this appeal addresses.
 
 Cf. Massey v. State,
 
 589 So.2d 336 (Fla. 5th DCA 1991) (holding that the State's failure to provide written notice of its intent to habitualize is harmless error where there was actual advance notice of the State’s intent to seek ha-bitualization).
 

 [2]
 

 . The circuit court did not sentence him on the grand theft count in case number 06-9191. Subsequently, an error in the sentencing document relevant to this count was properly and timely corrected by a second rule 3.800(b)(2) motion and is not at issue in this appeal.
 

 [3]
 

 . Although the supreme court in
 
 Jackson v. State,
 
 983 So.2d 562, 572 (Fla.2008), gave improper habitualization as an example of a sentencing error cognizable on a rule 3.800(b) motion, citing
 
 Brannon v. State,
 
 850 So.2d 452, 454 (Fla.2003), it is clear to us from the court’s discussion in
 
 Jackson
 
 that Mr. Mapp’s habitualization error is distinguishable — and therefore not cognizable on a rule 3.800(b) motion — from Mr. Brannon's, which concerned "whether a habitual offender sentence is authorized for a particular offense and whether a habitual offender sentence may be imposed initially upon violation of probation.”
 
 Brannon,
 
 850 So.2d at 457.