LEVINE, J.
 

 The issue presented is whether an evi-dentiary error in a restitution hearing may be preserved for appeal by raising it for the first time in a motion to correct a sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b). We hold that it may not and that a contemporaneous objection is required.
 

 Pilón was convicted of first degree arson and cruelty to animals and ordered to pay $15,000 in restitution. There was no separate restitution hearing in this case, and Pilón did not object when the trial court ordered him to pay restitution based on testimony given during trial. In his Rule 3.800(b) motion, however, Pilón argued for the first time that the evidence was not
 
 *993
 
 sufficient to establish the value of the lost items.
 

 Although an error in a restitution order may constitute a sentencing error for purposes of Rule 3.800(b), the rule does not apply to errors in the sentencing process.
 
 See Jackson v. State,
 
 983 So.2d 562, 573 (Fla.2008) (“rule 3.800(b) was not intended to circumvent rules requiring contemporaneous objections” or “to allow a defendant (or defense counsel) to sit silent in the face of a procedural error in the sentencing process and then, if unhappy with the result, file a motion under rule 3.800(b)”). We agree with
 
 Mapp v. State,
 
 18 So.3d 33 (Fla. 2d DCA 2009), that evidentiary errors in restitution hearings are errors in the sentencing process rather than sentencing errors. Such evidentiary errors cannot be preserved by a Rule 3.800(b) motion and must be preserved by contemporaneous objection at the hearing.
 
 Id.
 

 On the other hand, evidentiary errors regarding restitution computation that do not fall within Florida Rule of Appellate Procedure 9.140(e) still may be reviewed on appeal if they amount to fundamental error that “goes to the foundation of the case or goes to the merits of the cause of action.”
 
 Jackson,
 
 983 So.2d at 568 (quoting
 
 Hopkins v. State,
 
 632 So.2d 1372, 1374 (Fla.1994)). The asserted error in this case does not rise to the level of fundamental error. Accordingly, we affirm.
 

 Affirmed.
 

 WARNER and FARMER, JJ., concur.