SILBERMAN, Judge.
 

 Ricardo Rivera challenges his convictions and sentences for attempted trafficking in heroin and conspiracy to traffic in twenty-eight grams or more of heroin. We affirm his convictions without discussion. We affirm his sentences and the orders on costs but remand for corrections in the written sentences to conform to the trial court’s oral pronouncements.
 

 The trial court orally sentenced Rivera on September 22, 2008, to ten years in prison for attempted trafficking in heroin (count 2) and to a minimum-mandatory term of twenty-five years for conspiracy to traffic in heroin (count 3). The trial court took Rivera’s plea and orally sentenced him on count 1 (not at issue here) on December 2, 2008. At that hearing, the trial court recognized that count 1 was based on a no contest plea and that Rivera had previously been sentenced on counts 2 and 3. All sentences were imposed concurrently. The written judgment and sentences on all three counts were not entered until December 2, 2008, and were not filed until December 12, 2008. Rivera filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Because the trial court did not timely rule on the motion, it is deemed denied.
 
 See
 
 Fla. R.Crim. P. 3.800(b)(1)(b), (b)(2)(b).
 

 The motion to correct sentencing error raised the following issues:
 

 (1)The judgment, sentence and costs order for counts 2 and 3 should have been filed nunc pro tunc to Rivera’s sentencing on September 22, 2008 (though not duplicate costs for this single case upon his subsequent sentence on count 3);
 

 (2) The judgment incorrectly reflects that Rivera entered a plea on counts 2 and 3, when he was convicted by jury after trial;
 

 (3) The sentences on counts 2 and 3 incorrectly show the trial judge deferred sentencing from July 24, 2008 (the jury verdict date) to December 2, 2008, when Rivera was sentenced on counts 2 and 3 on September 22, 2008; and
 

 (4) The record lacks adequate documentation to support the imposed $4,000 in prosecution costs to the Statewide Prosecutor and $4,008 investigative costs to the Lee County Sheriffs Office[.]
 

 The rule 3.800(b)(2) motion preserved the issue of the written sentences conflicting with the trial court’s oral pronouncement.
 
 See Barnes v. State,
 
 977 So.2d 801, 802 (Fla. 2d DCA 2008). The written sentences must conform to the oral pronouncement.
 
 See id.
 
 As to the first three issues, we direct the trial court to correct the sentencing documents to reflect that (1) Rivera’s sentences on counts 2 and 3 are nunc pro tunc to his sentencing on September 22, 2008; (2) he was convicted by a jury after a trial on counts 2 and 3; and (3) that he was sentenced on counts 2 and 3 on September 22, 2008.
 

 With respect to the fourth issue concerning prosecution and investigative costs, under the facts of this case the rule 3.800(b)(2) motion did not preserve that issue for review. At the sentencing hearing on September 22, 2008, the prosecutor said that the State was requesting $4008.50 for investigative costs and $4000 for prosecution costs. The prosecutor further stated, “I don’t believe the Defense has an objection to those.” Rivera did not make any argument in opposition, and the trial court orally imposed those costs without objection. Not until he filed his rule 3.800(b)(2) motion did Rivera argue that
 
 *209
 
 without proper documentation of costs, the prosecution and investigative costs over $100 could not be imposed and should be stricken.
 

 Based upon
 
 Mapp v. State,
 
 18 So.3d 33 (Fla. 2d DCA 2009), we conclude that the alleged error is one in the sentencing process that required a contemporaneous objection and not one in the sentencing order. An error in the sentencing process cannot be preserved via a rule 3.800(b) motion.
 
 Id.
 
 at 37. Thus, in accordance with
 
 Mapp,
 
 we determine that the costs issue has not been preserved.
 

 Mapp
 
 is analogous because there the defendant failed to make a contemporaneous objection regarding the sufficiency of the evidence at a restitution hearing.
 
 Id.
 
 at 36. Here, Rivera failed to object to a lack of documentation for prosecution costs and investigative costs when the trial court announced those costs. Further, the prosecutor asserted that the defense had no objection to those costs, and defense counsel did not argue against the request for costs. This court in
 
 Mapp
 
 recognized that “rule 3.800(b) was not intended to circumvent rules requiring contemporaneous objections.”
 
 Id.
 
 at 37 (quoting
 
 Jackson v. State,
 
 983 So.2d 562, 573 (Fla.2008)). The court affirmed the restitution order, determining that counsel waived the issue of insufficient evidence of restitution by failing to object at the hearing when the trial court imposed the amount of restitution.
 
 Id.
 

 Cases citing
 
 Mapp
 
 have determined that errors regarding the sufficiency of evidence to support restitution amounts did not constitute fundamental error.
 
 See Warren v. State,
 
 23 So.3d 218, 219 (Fla. 1st. DCA 2009);
 
 Pilon v. State,
 
 20 So.3d 992, 993 (Fla. 4th DCA 2009). In addition, the Florida Supreme Court has previously stated, “We conclude that an unpreserved error in the assessment of costs cannot be considered a serious, patent sentencing error that should be corrected on appeal as fundamental in the absence of proper preservation in the trial court.”
 
 Maddox v. State,
 
 760 So.2d 89, 109 (Fla.2000).
 

 Because Rivera did not raise a contemporaneous objection at the sentencing hearing regarding lack of documentation, the costs issue is not preserved for review. Further, under these circumstances, the lack of documentation as to the costs does not constitute fundamental error. Therefore, we affirm the orders on costs.
 

 Affirmed but remanded for correction of the written sentences.
 

 ALTENBERND, J., and FULMER, CAROLYN K., Senior Judge, Concur.