PER CURIAM.
Charles Mapp seeks review of the decision of the Second District Court of Appeal in Mapp v. State, 18 So.3d 33 (Fla. 2d DCA 2009), on the ground that it expressly and directly conflicts with a decision of another district court of appeal on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons expressed herein, we quash that portion of the decision of the Second District that concludes that Mapp’s claim was not properly preserved and direct the reinstatement of the trial court’s order removing the habitual felony offender (HFO) designation from his sentence. We approve the Second District’s affirmance of the denial of Mapp’s second claim relating to the order of restitution.
Facts and Procedural History
The Second District described the facts below as follows:
In Polk County Circuit Court case number 06-9191, the information charged Mr. Mapp with burglary of a conveyance and grand theft of a quantity of mechanic’s tools, both third-degree felonies, and dealing in stolen property, a second-degree felony. In circuit court case number 06-9192, the information charged burglary, grand theft of an auto, and possession of cocaine, third-degree felonies, and possession of drug paraphernalia, a first-degree misdemeanor. He entered a straight up plea to all the charges. Neither he nor his defense counsel received notice that the State intended that he be sentenced as a habitual felony offender (HFO) until, at the sentencing hearing, the State orally suggested that he qualified as an HFO. *778 In case number 06-9191, the court imposed concurrent sentences of ten years’ incarceration as an HFO for the burglary and dealing in stolen property counts. In case number 06-9192, the court sentenced him to ten years’ incarceration as an HFO for the burglary and grand theft counts, five years’ non-HFO incarceration for the possession of cocaine count, and one year’s incarceration for the misdemeanor paraphernalia count. The incarcerative terms in the second case were imposed concurrently with each other but consecutive to the concurrent terms in the first case. After hearing from the victims at the sentencing hearing about their monetary losses, the court also ordered Mr. Mapp to pay a substantial amount of restitution.
Mr. Mapp’s counsel filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b), claiming as sentencing errors the habitualization of the sentences without notice and insufficient evidence to support the amount of restitution ordered. The court struck the HFO designation from the sentences and vacated the order of restitution, but it did so well outside the permitted sixty-day time limit to make a correction in the sentencing order.
Mapp, 18 So.3d at 34-35 (footnotes omitted). After noting that the circuit court’s order was a nullity because it occurred outside of the sixty-day window permitted by the rule, the district court determined that the errors complained of in Mapp’s motion were not preserved for appeal because they were not “sentencing errors that are cognizable in [rule 3.800(b) ] motions.” Id. at 36. The Second District concluded that the errors were errors in the sentencing process and not errors in the sentencing order, and were therefore not preserved for appellate review when counsel failed to object. Id. at 37. Accordingly, the court reinstated the habitual felony offender sentences and order of restitution. Id.
Discussion
Before reaching the merits of this case, we first note that there is no question that Mapp was improperly classified as a habitual felony offender. As noted by the Second District, the State conceded error on this issue. Mapp, 18 So.3d at 34. It is undisputed that Mapp did not receive the proper notice and that therefore, his sentence is improper. See Ashley v. State, 614 So.2d 486 (Fla.1993) (holding that for a defendant to be classified as a habitual felony offender following a guilty or nolo plea, the defendant must be given written notice and the court must confirm the defendant is personally aware of the possibility and consequences of habitual felony offender sentencing.). In Ashley, Ashley pleaded no contest to battery of a correctional officer. Id. at 487. Three days later, the State filed notice of its intent to seek an enhancement as an HFO. Id. Ashley then sought unsuccessfully to withdraw his plea and was later sentenced as an HFO. Id. Relying on section 775.084(3)(b), Florida Statutes (1989), and Florida Rule of Criminal Procedure 3.172, this Court held that for a defendant to be classified as an HFO after “a guilty or nolo plea, the following must take place prior to acceptance of the plea: 1) The defendant must be given written notice of intent to habitu-alize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization.” Id. at 490. This Court then held that because Ashley had not received written notice and had no personal understanding that he would be declared a habitual felony offender or what such a classification entailed, his HFO sentence had to be vacated. Id. at 491. Thus, we are only addressing whether this *779 error was properly preserved by a motion under 8.800(b).
HFO Designation
Mapp argues that the Second District interpreted this Court’s decision in Jackson v. State, 983 So.2d 562 (Fla.2008), more stringently than intended by this Court. In so doing, Mapp argues that the Second District misapplied Jackson and that the sentencing order that designated him a habitual felony offender was properly reviewable under rule 3.800(b).
Rule 3.800(b) provides:
(b) Motion to Correct Sentencing Error. A motion to correct any sentencing error, including an illegal sentence, may be filed as allowed by this subdivision. This subdivision shall not be applicable to those cases in which the death sentence has been imposed and direct appeal jurisdiction is in the Supreme Court under article V, section 3(b)(1) of the Florida Constitution. The motion must identify the error with specificity and provide a proposed correction. A response to the motion may be filed within 15 days, either admitting or contesting the alleged error. Motions may be filed by the state under this subdivision only if the correction of the sentencing error would benefit the defendant or to correct a scrivener’s error.
(1) Motion Before Appeal. During the time allowed for the filing of a notice of appeal of a sentence, a defendant or the state may file a motion to correct a sentencing error.
(A) This motion shall stay rendition under Florida Rule of Appellate Procedure 9.020(h).
(B) Unless the trial court determines that the motion can be resolved as a matter of law without a hearing, it shall hold a calendar call no later than 20 days from the filing of the motion, with notice to all parties, for the express purpose of either ruling on the motion or determining the need for an evidentiary hearing. If an evidentiary hearing is needed, it shall be set no more than 20 days from the date of the calendar call. Within 60 days from the filing of the motion, the trial, court shall file an order ruling on the motion. If no order is filed within 60 days, the motion shall be considered denied. A party may file a motion for rehearing of any order entered under subdivisions (a) and (b) of this rule within 15 days of the date of service of the order or within 15 days of the expiration of the time period for filing an order if no order is filed.
(2) Motion Pending Appeal. If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error. The motion may be filed by appellate counsel and must be served before the party’s first brief is served. A notice of pending motion to correct sentencing error shall be filed in the appellate court, which notice automatically shall extend the time for the filing of the brief until 10 days after the clerk of circuit court transmits the supplemental record under Florida Rule of Appellate Procedure 9.140(f)(6).
(A) The motion shall be served on the trial court and on all trial and appellate counsel of record. Unless the motion expressly states that appellate counsel will represent the movant in the trial court, trial counsel will represent the movant on the motion under Florida Rule of Appellate Procedure 9.140(d). If the state is the movant, trial counsel will represent the defendant unless appellate counsel for the defendant notifies trial counsel and the trial court that he or she will represent the defendant on the state’s motion.
(B) The trial court shall resolve this motion in accordance with the procedures in subdivision (b)(1)(B).
*780 (C) In accordance with Florida Rule of Appellate Procedure 9.140(f)(6), the clerk of circuit court shall supplement the appellate record with the motion, the order, any amended sentence, and, if designated, a transcript of any additional portion of the proceedings.
Fla. R.Crim. P. 3.800(b).
In Jackson, we provided a thorough review of the history and intent of rule 3.800(b). See Jackson, 983 So.2d at 570-73. To summarize, rule 3.800(b) was intended to permit the preservation of errors in orders at the earliest possible time in order to use judicial resources efficiently, not to abrogate the requirement for contemporaneous objections because many errors are not immediately apparent at sentencing and the trial judge is in the best position to resolve the error. Id. However, when the error complained of affects the ultimate sanction imposed—as does an HFO designation — it is cognizable under 3.800(b). Further, we have stated that improper habitual offender sentencing contrary to specific statutory requirements constitutes fundamental error. Maddox v. State, 760 So.2d 89, 102 (Fla.2000) (“Because we find that improper habitualization of the defendant contrary to specific statutory requirements is a patent, serious error that has a quantifiable effect on the length of the defendant’s incarceration, we find that this type of error should be corrected on direct appeal as fundamental.”).[1]
Because Jackson states that “as written, rule 3.800(b) is not limited to correcting ‘illegal’ sentences or errors to which the defendant had no opportunity to object” and that “the rule may be used to correct and preserve for appeal any error in an order entered as a result of the sentencing process — that is, orders related to the sanctions imposed,” the Second District incorrectly held that Mapp’s improper sentencing as a habitual felony offender was not cognizable under rule 3.800(b). In other words, when, as here, there is a clear sentencing error that affects the ultimate sanction imposed, it is cognizable under 3.800(b). Accordingly, we quash that portion of the Second District’s decision below that reversed the trial court’s order removing the HFO designation from Mapp’s sentence.
Order of Restitution
We approve, however, the portion of the decision that affirmed the order of restitution. Here, as above, Mapp complains of an error that the Second District found not to be a “sentencing error” cognizable under rule 3.800(b). See Mapp, 18 So.3d at 35-36. Specifically, the Second District noted that “at the close of evidence from the victims about their monetary losses, defense counsel did not object to what may have been insufficient evidence.” Id. at 36. The court affirmed the order of restitution as originally imposed “because any error in [it] has not been reserved for appellate review.” Id. at 37. We agree. The error complained of here is not a sentencing error, but is one based on the sufficiency and credibility of the *781 evidence that requires factual determination. Accordingly, it is not cognizable under rule 3.800(b).
Conclusion
For the foregoing reasons, we quash that portion of the decision of the Second District that concluded that Mapp’s claim was not properly preserved and remand for reinstatement of the trial court’s order removing the HFO designation from his sentence. We approve the Second District’s affirmance of the denial of Mapp’s second claim relating to the order of restitution.
It is so ordered.
PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
CANADY, C.J., dissents with an opinion, in which POLSTON, J., concurs.

. Since Maddox and the amendment to rule 3.800(b), we have held that fundamental error analysis does not apply to parties who could have availed themselves of 3.800(b). See Brannon v. State, 850 So.2d 452, 453 (Fla.2003). As noted in Brannon, we have attempted to address this by extending the time period in which a defendant could file a motion under rule 3.800(b). See Brannon, 850 So.2d at 455-56 (quoting Maddox, 760 So.2d at 94) ("We anticipate that the amendments to rule 3.800(b) recently promulgated by this Court in [Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015, 1017-18 (Fla.2000)] should eliminate the problem of unpreserved sentencing errors raised on direct appeal because the time in which a defendant can file a motion to correct a sentencing error in the trial court is expanded[.]”).