CANADY, C.J.,
dissenting.
Because I conclude that the decision of the Second District in Mapp v. State, 18 So.3d 33 (Fla. 2d DCA 2009), does not expressly and directly conflict with our decision in Jackson v. State, 983 So.2d 562 (Fla.2008), or any other decision of this Court or another district court, I would discharge this case.
In Mapp the Second District held that Mapp’s argument that “he was sentenced as a habitual offender without proper notice” was “not [an] error[ ] in the sentencing order but rather in the sentencing process and, as such, must be preserved by contemporaneous objection.” 18 So.3d at 34, 37. The distinction between error in a sentencing order and error in the sentencing process relied on by the Second District is a distinction drawn directly from Jackson. We reached the conclusion that the error at issue in Jackson could not be preserved under Florida Rule of Criminal Procedure 3.800(b) because that error was “an error in the sentencing process, not an error in the sentencing order.” 983 So.2d at 574. Our Jackson opinion indeed contains repeated references to the distinction between errors in a sentencing order — which may be preserved under rule 3.800(b) — and errors in the sentencing process — which are not subject to preservation under rule 3.800(b). Id. at 566 (“The rule was intended to permit preservation of errors in orders entered as a result of the sentencing process....”); id. at 572 (“The commentary thus explains that rule 3.800(b) is intended to permit defendants to bring to the trial court’s attention errors in sentence-related orders, not any error in the sentencing process.”); id. (“We have never held that any error that happens to occur in the sentencing context constitutes a ‘sentencing error’ under the rule. Instead, errors we have recognized as ‘sentencing errors’ are those apparent in orders entered as a result of the sentencing process.”); id. at 574 (“A claim of denial of counsel at sentencing, however, is an error in the sentencing process, not an error in the sentencing order.”); id. at 578 (“[R]ule [3.800(b) ] permits preservation of errors in orders entered as a result of the sentencing process, not all errors that happened to occur during that process.”).
Here, the error asserted by Mapp — the State’s failure to give proper notice of its intention to seek habitual offender sentencing — was indisputably a procedural error. The decision in Mapp thus simply applies the distinction recognized in Jackson and gives force to our recognition that “a procedural error in the sentencing process” must — absent fundamental error — be preserved by a contemporaneous objection. 983 So.2d at 573.
Admittedly, the distinction drawn in Jackson between errors in a sentencing order and errors in the sentencing process is not crystal clear. But the lack of clarity in Jackson does not give us jurisdiction *782 over a case simply because we disagree with the way that case applies Jackson. Under the Florida Constitution, the jurisdiction asserted here exists only when the decision on review “expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law.” Art. V, § 3(b)(3), Fla. Const. Jackson did not hold specifically that an error of the particular type raised by Mapp is subject to preservation under rule 3.800(b). Nor did Jackson articulate any broader rule with which Mapp “expressly and directly conflicts.” On the contrary, Mapp expressly and directly follows Jackson’s reasoning that “a procedural error in the sentencing process” is not subject to preservation pursuant to rule 3.800(b). 983 So.2d at 573.
Similarly, there is no express and direct conflict with our decision in Maddox v. State, 760 So.2d 89 (Fla.2000), on the issue of fundamental error. The improper habitual offender sentencing dealt with in Maddox — characterized by the Court there as habitual offender sentences “imposed in violation of the statutory requirements” — arose from the absence of sufficient predicate offenses to satisfy the statutory requirements for such sentencing. Id. at 102. The procedural error raised by Mapp is of an entirely different character from the errors at issue in Maddox.
This Court does not have jurisdiction to review the Second District’s decision in Mapp. The case should be discharged.
POLSTON, J., concurs.