ON REMAND FROM THE SUPREME COURT OF FLORIDA
 

 CASANUEVA, Judge.
 

 Charles Mapp appeals his habitual felony offender sentences and an order of restitution resulting from convictions for burglary of a conveyance and grand theft. Based on the following discussion, we affirm in part and reverse in part and remand for resentencing.
 

 For various convictions in the Tenth Judicial Circuit in and for Polk County in two cases, circuit court case numbers CF06-9191 and CF06-9192, detailed in
 
 Mapp v. State,
 
 18 So.3d 33 (Fla. 2d DCA 2009),
 
 approved in part, quashed in part,
 
 71 So.3d 776 (Fla.2011), the trial court sentenced Mr. Mapp as a habitual felony offender (HFO) and ordered him to pay a substantial sum as restitution to his victims. Mr. Mapp subsequently filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b) in which he sought removal of the HFO designation in the sentences in both cases (four counts altogether, two counts concurrent with each other but consecutive to the other two concurrent counts) and amendment of the amount of restitution. Because the State had failed to timely notify Mr. Mapp that it would seek HFO sentences before he pleaded, the State conceded that the HFO designation should be stricken. In an out-of-time order, the trial court granted him relief pursuant to his motion and struck both the HFO designation in his sentences
 
 *1138
 
 and the order of restitution. Realizing that the out-of-time order deemed his rule 3.800(b) motion denied, Mr. Mapp appealed.
 

 Based on our reading of
 
 Jackson v.
 
 State, 983 So.2d 562 (Fla.2008), this court affirmed Mr. Mapp’s appeal, holding that neither the habitualization of his sentences nor the alleged error in the restitution order was cognizable on a rule 3.800(b) motion.
 
 Mapp,
 
 18 So.3d at 37. This affir-mance thus left him with a habitual offender designation in his sentences
 
 [1]
 
 and an order of substantial restitution. When Mr. Mapp sought further review in the supreme court, that court quashed in part and approved in part. 71 So.3d 776. Concluding that we had too narrowly construed its
 
 Jackson
 
 opinion as related to the improper habitualization issue, the supreme court “quash[ed] that portion of [this court’s] decision ... that concluded that Mapp’s claim was not properly preserved and remand[ed] for reinstatement of the trial court’s order removing the HFO designation from his sentence. [The court] approve[d our] affirmance of the denial of Mapp’s second claim relating to the order of restitution.”
 
 Mapp,
 
 71 So.3d 776.
 

 Based on the supreme court’s opinion in
 
 Mapp,
 
 we now re-affirm the denial of Mr. Mapp’s rule 3.800(b) motion as it relates to the order of restitution— i.e., the restitution order as originally imposed shall remain in effect — because that claim is not cognizable on a rule 3.800(b) motion as we explained in
 
 Mapp,
 
 18 So.3d at 37, and as the supreme court noted, 71 So.3d at 778-781.
 
 [2]
 
 But we reverse that part of the order that denied Mr. Mapp relief as it relates to the HFO designation in the sentences imposed in case numbers CF06-9191 and CF06-9192. We remand with instructions to reinstate only that part of the trial court’s order that struck the HFO designation from all sentences. In all other respects, the sentences in these two cases shall remain as originally imposed.
 
 [3]
 

 Affirmed in part, reversed in part, and remanded.
 

 SILBERMAN, C.J., and KELLY, J., Concur.
 

 [1]
 

 . The trial court’s configuration of Mr. Mapp’s HFO sentences in both cases — two counts concurrent but consecutive to the other two concurrent counts — resulted in a total sentence of twenty years' incarceration.
 
 See Mapp,
 
 18 So.3d at 35.
 

 [2]
 

 . Although Mr. Mapp’s rule 3.800(b) motion referenced both circuit court case number CF06-9191 and number CR06-9192, the trial court's out-of-time order only mentions the former. The supreme court's holding and our disposition here must be applied to both circuit court cases on remand because Mr. Mapp’s motion preserved the issue in both cases in his rule 3.800(b) motion despite the trial court’s oversight.
 

 [3]
 

 .After correction on remand, Mr. Mapp’s sentencing scheme should total fifteen years instead of the twenty as originally configured.