MORRIS, Judge.
 

 Askia Jahbred Holmes appeals the revocation of his probation and resulting sentences for numerous charges in circuit court case numbers 05-16428, 08-11064, and 08-11065. We affirm the revocation and sentences in those cases without further comment.
 

 In circuit court case number 09-6141, Holmes appeals his convictions and sentences for armed burglary of a dwelling, robbery with a firearm, aggravated battery with a firearm, false imprisonment, and grand theft motor vehicle. We affirm the convictions and sentences, but we remand for correction of the written sentencing document to conform to the oral pronouncement on the sentences for armed burglary of a dwelling, robbery with a firearm, aggravated battery with a firearm, and grand theft motor vehicle.
 

 At trial, the trial court granted Holmes’s motion for a judgment of acquittal on the issue of whether Holmes actually carried a firearm during the commission of the armed burglary, robbery, aggravated battery, and grand theft motor vehicle. In doing so, the trial court recognized that the 10-20-Life enhancement pursuant to section 775.087(2), Florida Statutes (2008), would no longer apply. However, the written sentencing document reflected that the enhancement was applied to Holmes’s sentences for the referenced offenses.
 

 Holmes preserved this issue by filing a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) during the pendency of this appeal, and a filing by the clerk of the circuit court indicates that the postconviction court orally granted the motion. However the written sentencing document was never corrected, and in July 2011, this court entered an order deeming the rule 3.800(b)(2) motion to be denied.
 

 The State concedes that the reference to the enhancement is improper. We therefore remand Holmes’s sentences for armed burglary of a dwelling, robbery with a firearm, aggravated battery with a firearm, and grand theft motor vehicle for the limited purpose of the correction of the written sentencing document to conform to the oral pronouncement by the deletion of the reference to the 10-20-Life enhancement.
 
 See Rivera v. State,
 
 34 So.3d 207, 208 (Fla. 2d DCA 2010) (recognizing that written sentence must conform to oral pronouncement).
 

 Affirmed but remanded for correction of the written sentences.
 

 WHATLEY and KELLY, JJ., Concur.