VILLANTI, Judge.
In this Anders[1] appeal, Alton Jamal Rivera challenges the revocation of his community control and the sentences imposed upon revocation in three separate circuit court cases. We affirm the revocation of Rivera’s community control and his sentences without further comment. However, we remand for correction of a scrivener’s error in the written sentences in two of the cases.
In circuit court case number 10-CF-14489, Rivera was on community control for two second-degree felonies (counts 1 and 3), and one third-degree felony (count 4). In circuit court case number 10-CF-16592, Rivera was on community control for one second-degree felony (count 1) and one third-degree felony (count 2). After Rivera admitted to violating his community control, the trial court revoked it and orally sentenced Rivera to 77.7 months in prison on the second-degree felony convictions and 60 months in prison on the third-degree felony convictions. Despite these oral pronouncements, the written sentences reflect 77.7 months’ imprisonment on all counts in both of these cases.[2]
Because the written sentences do not comport with the trial court’s oral pronouncement, we must remand for correction of the written sentences to reflect the oral pronouncement. See, e.g., Holmes v. State, 84 So.3d 421, 422 (Fla. 2d DCA 2012) (remanding for correction of written sentences to conform to oral pronouncements); Rivera v. State, 34 So.3d 207, 208 *450 (Fla. 2d DCA 2010) (recognizing that the written sentences must conform to the oral pronouncement). In all other respects, we affirm.
Affirmed and remanded with instructions.
ALTENBERND and KHOUZAM, JJ., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. The trial court also revoked Rivera’s community control in circuit court case number 10-CF-18311; however, the written judgment and sentence in that case comport with the trial court's oral pronouncement. Therefore, no corrections are necessary in that case.