NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LETITIA NANETTE LOLLIS,                )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D14-834
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
_____)

Opinion filed July 10, 2015.

Appeal from the Circuit Court for
Hillsborough County; Lisa Campbell, Judge.

Howard L. Dimmig, II, Public Defender, and
Kevin Briggs, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Chief Judge.

          Letitia Nanette Lollis appeals her convictions for aggravated battery with a

deadly weapon, tampering with a witness, petit theft, uttering a forged instrument, and

fraudulent use of personal information.  We affirm her convictions without further

discussion. However, Lollis argues and the State properly concedes that we must reverse her sentences for the uttering and fraudulent use charges because the trial court's oral pronouncement of sentence differs from the written sentencing documents. Specifically, the written sentencing documents do not include the qualifying conditions orally announced by the court that Lollis's prison sentences are to be suspended after three years in favor of two years' probation on the uttering and fraudulent use charges. A trial court's written sentence must conform to its oral pronouncement; when the two differ, that constitutes reversible error. See Rivera v. State, 34 So. 3d 207, 208 (Fla. 2d DCA 2010). Accordingly, we reverse this portion of Lollis's sentence and remand for the trial court to enter an amended sentence consistent with its oral pronouncement.

Affirmed in part, reversed in part, and remanded.

KELLY and CRENSHAW, JJ., Concur.