NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RAYMOND R. HETMAN,                    )
                                      )
                Appellant,            )
                                      )
v.                                    )        Case No. 2D14-3991
                                      )
STATE OF FLORIDA,                     )
                                      )
                Appellee.             )
_____)

Opinion filed February 5, 2016.

Appeal from the Circuit Court for Pasco
County; William Webb, Judge.

Howard L. Dimmig, II, Public Defender,
and Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.

SALARIO, Judge.

        We review this case pursuant to Anders v. California, 386 U.S. 738

(1967).  Raymond Hetman challenges the judgments and sentences he received in four

circuit court cases after he pleaded guilty to one count of burglary of a dwelling and one

count of petit theft in 12-1292CFAWS, one count of burglary of a dwelling and one count

of grand theft in 12-1294CFAWS, one count of burglary of a dwelling in 12-

1052CFAWS, and one count of failure to appear in 12-2657CFAWS.[1]  He entered a plea of guilty to all counts in exchange for concurrent prison sentences consisting of fifteen years on each of the three burglary counts—with designations as a prison releasee reoffender (PRR) on those counts, five years each for the grand theft and failure to appear counts—both without PRR designations, and time served for the petit theft count—without a PRR designation.  We find no issues related to any of his convictions or with the sentences orally imposed and write only to direct the correction of a scrivener's error appearing on the face of his written sentences in two of the circuit court cases.

With the exception of the written sentence in case number 12-2657CFAWS, the written sentences in each of Hetman's cases include the handwritten words "prison releasee reoffender" at the top of every page of the sentencing documents.  Despite the fact that the transcripts of the sentencing hearing reflect that the trial court applied the PRR designations only to the three burglary counts, those portions of the written sentences related to the counts of petit theft in 12-1292CFAWS and grand theft in 12-1294CFAWS also include this handwritten designation and do not otherwise delineate that the designation applies only to the burglary counts.  Applying the PRR designations to the grand theft and petit theft counts is clearly a scrivener's error.  Accordingly, we reverse only the sentences for the grand theft and petit theft counts in 12-1292CFAWS and 12-1294CFAWS and direct the trial court to remove the written PRR designation for those offenses, in conformity with the trial court's oral

---

[1]Hetman was also sentenced at the same time in another circuit court case number.  His appeal of that judgment and sentence is proceeding separately in this court and is not addressed by this opinion.

pronouncement of the sentences.  <u>See</u> <u>Rivera v. State</u>, 117 So. 3d 449 (Fla. 2d DCA 2013).  We affirm in all other respects.

Affirmed in part; reversed in part; remanded with instructions.

ALTENBERND and SILBERMAN, JJ., Concur.