NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KRYSTLE LATHAM, )
)
          Appellant, )
)
v. )      Case No. 2D14-3121
)
STATE OF FLORIDA, )
)
          Appellee. )
_____)

Opinion filed February 10, 2016.

Appeal from the Circuit Court for Pasco
County; William R. Webb, Judge.

Howard L. Dimmig, II, Public Defender, and
Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.

MORRIS, Judge.

          Krystle Latham appeals her conviction and sentence for leaving the scene

of an accident causing death, specifically challenging the portion of her sentence

requiring her to pay $4570 in restitution to the Crimes Compensation Trust Fund. We

agree with Latham that such restitution was not authorized in this case, and we reverse and remand for the trial court to strike the restitution provisions from her written sentence and order of probation.

I.  Facts

Latham entered an open plea of guilty to the charged offense of leaving the scene of an accident causing death, a first-degree felony.  See § 316.027(1)(b), Fla. Stat. (2012) ("The driver of any vehicle involved in a crash occurring on public or private property that results in the death of any person must immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and must remain at the scene of the crash until he or she has fulfilled the requirements of [section] 316.062.").  Latham argued for a downward departure sentence, but the trial court imposed a sentence of five years in prison followed by five years' probation.  At the beginning of the sentencing hearing, the State noted that there was "a claim of restitution made by the Victim's Crime Compensation [Fund] . . . in the amount of $4570."  Latham made no objection to this claim for restitution.  After imposing sentence, the trial court ordered "[r]estitution in the amount of $4570 at this point as a minimum," directing that it be paid at the minimum rate of $100 per month during her probation.  The written sentence orders Latham to pay $4570 in restitution, and the written order of probation states that Latham shall make restitution to the "Victims Claims Compensation Trust Fund" in the amount of $4570.

A week after sentencing, Latham's defense counsel filed a written objection to restitution, claiming that "the damage or loss incurred by the victim was not caused directly or indirectly by [Latham's] offense" and was unrelated to her criminal

episode. Defense counsel cited the general restitution statute, section 775.089(1)(a), Florida Statutes (2012), and State v. Williams, 520 So. 2d 276 (Fla. 1988), which held that a defendant convicted of leaving the scene of an accident could not be ordered to pay restitution for damages caused by the accident where it was clear that the damages were not caused by the defendant's offense of leaving the scene. At a hearing on the objection, defense counsel admitted that he had failed to object at the sentencing hearing. The trial court stated that the statute that Latham had violated, section 316.027, had been recently amended and represents "one of the unique areas [in which damage or loss] does not have to be causally related" to the crime. See § 316.027(1)(c) (specifically addressing "restitution to the victim for any damage or loss" for violations of subsections (1)(a) and (1)(b)). Defense counsel maintained that "there still has to be . . . some connection." The State asked the trial court to continue the hearing so that the State could research the amendment to section 316.027. At a second hearing held a week later, the State argued that the 2007 amendment to the statute eliminated the requirement that there be a nexus. See ch. 2007-211, § 2, Laws of Fla. Defense counsel stood by his previous argument that the damages in this case were not related to the criminal act of leaving the scene. The trial court orally denied Latham's objection to the restitution and entered an order to that effect.

Latham timely appealed, and her appellate counsel filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In the motion, Latham argued that because the restitution was ordered to be paid to the Crimes Compensation Trust Fund rather than the victim, the applicable statutes are sections 960.065(1)(a) and 960.03(14), Florida Statutes (2012). Latham contended that

those statutes require a causal link between the physical injury or death and the crime. In a written order, the trial court denied Latham's rule 3.800(b)(2) motion, concluding that the restitution was authorized under sections 960.03(14)(a) and 960.03(3)(b), which define "victim" and "crime." The trial court also concluded that the issue was not cognizable in a rule 3.800(b) motion, citing Mapp v. State, 71 So. 3d 776 (Fla. 2011). Latham now appeals, raising the specific challenge to the restitution that she raised in her rule 3.800(b) motion.

## II. Analysis

### A. Preservation

Latham pleaded guilty to her offense and thus is limited to raising certain issues on appeal, including a sentencing error that is preserved. See Fla. R. App. P. 9.140(b)(2)(A)(ii)(d). In its order denying Latham's rule 3.800(b) motion, the trial court concluded that her challenge to the restitution is not a sentencing error correctable under rule 3.800(b).

In Jackson v. State, 983 So. 2d 562, 572-73 (Fla. 2008), the court held that sentencing errors are errors in orders entered as a result of an error in the sentencing process or, in other words, "errors related to the ultimate sanction imposed, whether involving incarceration, conditions of probation, or costs." These include errors in orders of supervision and cost and restitution orders. Id. On the other hand, "errors that occur during the sentencing process—for example, the introduction of evidence at sentencing"—are not considered sentencing errors for purposes of rule 3.800(b). Id. at 573. The court explained that there are certain sentencing errors, "to which the defendant may have had an opportunity to object," that are correctable under rule

- 4 -

3.800(b).  Id. at 574.  "For example, the imposition of costs without statutory authority is a 'sentencing error' for purposes of rule 3.800(b)."  Id.  The court recognized that "[w]here the costs are announced at sentencing, the defendant has an opportunity to object to unauthorized costs."  Id.  But "as written, rule 3.800(b) is not limited to correcting . . . errors to which the defendant had no opportunity to object."  Id.  "Instead, the rule may be used to correct and preserve for appeal any error in an order entered as a result of the sentencing process—that is, orders related to the sanctions imposed."  Id.

In Mapp, 71 So. 3d at 780, the court held that the error complained of— insufficient evidence to support the amount of restitution ordered—was not a sentencing error cognizable under rule 3.800(b).  Rather, the error was "one based on the sufficiency and credibility of the evidence that requires factual determination."  Id. at 780-81; see also E.D.P. v. State, 6 So. 3d 1248 (Fla. 2d DCA 2009) (holding that challenge to restitution for an item allegedly taken during robbery, on the basis that it was not supported by the evidence in the case, was not cognizable in a rule 3.800(b) motion).

In this case, Latham argues that the restitution was not authorized by the applicable statutes, and as addressed further below, this issue turns solely on the relevant statutes.  Thus, this issue is akin to unauthorized costs discussed in Jackson. The issue argued by Latham did not raise a factual dispute regarding whether the victim's injuries were the result of Latham's offense but rather raised a legal issue that involves the interpretation of the applicable statutes.  Therefore, the error complained of in this case is a sentencing error subject to correction and preservation under rule 3.800(b).  See Jackson, 983 So. 2d at 574; Elmer v. State, 140 So. 3d 1132, 1136-37,

1139 (Fla. 5th DCA 2014) (reversing a portion of restitution on the basis that it was not statutorily authorized where issue was preserved in a rule 3.800(b) motion).

*B. Restitution*

Latham was convicted under subsection (1)(b) of section 316.027. Subsection (1)(c) of that same section provides as follows:

> Notwithstanding s. 775.089(1)(a), if the driver of a vehicle violates paragraph (a) or paragraph (b), the court shall order the driver to make restitution to the victim for any damage or loss unless the court finds clear and compelling reasons not to order the restitution. Restitution may be monetary or nonmonetary restitution. The court shall make the payment of restitution a condition of probation in accordance with s. 948.03. An order requiring the defendant to make restitution to a victim does not remove or diminish the requirement that the court order payment to the Crimes Compensation Trust Fund under chapter 960. Payment of an award by the Crimes Compensation Trust Fund creates an order of restitution to the Crimes Compensation Trust Fund unless specifically waived in accordance with s. 775.089(1)(b).

(Emphasis added.) Thus, this subsection provides for two types of restitution: first, to the victim, and second, to the Crimes Compensation Trust Fund (the Fund). The general restitution statute, section 775.089, includes similar language.[1]

---

[1]Section 775.089 provides:
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant's offense; and
2. Damage or loss related to the defendant's criminal episode,
unless it finds clear and compelling reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution. The court shall make the payment of restitution a condition of probation in accordance with s. 948.03. An order requiring the defendant to make restitution to a victim does not remove or diminish the requirement that the court order payment to the Crimes Compensation Trust

- 6 -

At the two hearings on Latham's objection to restitution, the trial court and the parties addressed section 316.027(1)(c), specifically the language in the first sentence regarding "any damage or loss." But everyone failed to note that no restitution to the victim had been ordered. Rather, the trial court ordered restitution to the Crimes Compensation Trust Fund, which is governed by chapter 960.[2]

The Crimes Compensation Trust Fund was created "for the purpose of providing for the payment of all necessary and proper expenses incurred by the operation of the [D]epartment [of Legal Affairs] and the payment of claims," and the fund "shall consist of all moneys appropriated by the Legislature for the purpose of compensating the victims of crime and other claimants under this act[] and of moneys recovered on behalf of the department" through various means, including restitution. § 960.21(1), (2). Section 960.17(1) provides that "[a]ny payment of benefits to, or on behalf of, a victim or other claimant under this chapter creates a debt due and owing to the state [and] shall create an obligation of restitution in accordance with [section] 775.089."

Because payment to the victim by the Fund creates an obligation of restitution, we must look to the provisions regarding payment of claims to determine if the payment to the victim was authorized in this case. Section 960.07 provides, in relevant part, that "[a] claim for compensation may be filed by a person eligible for compensation as provided in [section] 960.065." Section 960.065(1)(a) states that a

Fund pursuant to chapter 960. Payment of an award by the Crimes Compensation Trust Fund shall create an order of restitution to the Crimes Compensation Trust Fund, unless specifically waived in accordance with subparagraph (b)1.

[2]Accordingly, we do not decide whether restitution to the victim in this case would have been proper under section 316.027(1)(c), Florida Statutes (2012).

- 7 -

"victim" is eligible for awards under chapter 960. Section 960.03(14) defines "[v]ictim"

as "[a] person who suffers personal physical injury or death as a direct result of a

crime."[3] Section 960.03(3)(b) in turn defines "[c]rime" as

> [a] violation of s. 316.193, s. 316.027(1), s. 327.35(1), s. 782.071(1)(b), or s. 860.13(1)(a) which results in physical injury or death; <u>however, an act involving the operation of a motor vehicle, boat, or aircraft which results in injury or death does not constitute a crime for the purpose of this chapter unless the injury or death was intentionally inflicted through the use of the vehicle, boat, or aircraft</u>.

(Emphasis added.)[4] The statute lists six criminal offenses, but the underlined language

limits the violations of those six statutes to acts that intentionally inflicted injury or death

through the use of a vehicle, boat, or aircraft. While the victim suffered death as a result

of Latham's accident and Latham was charged with violating section 316.027(1),

Latham's offense does not constitute a crime under section 960.03 because the "death

was [not] intentionally inflicted through the use of [Latham's] vehicle." § 960.03(3)(b).[5]

Therefore, under the plain language of the above-mentioned statutes, the victim in this

---

[3]Subsection (14) includes other definitions for "[v]ictim" that do not apply to the facts of this case.

[4]Subsection (3) includes other definitions for "[c]rime" that do not apply to the facts of this case.

[5]We note that the definition of "[c]rime" in section 960.03(3)(b) cited above was the result of an amendment effective on October 1, 2012, the date of Latham's offense. <u>See</u> ch. 2012-155, § 15, Laws of Fla. (effective Oct. 1, 2012). Before such amendment, the definition of "[c]rime" in subsection (3)(b) was much broader and would have encompassed the offense in this case had it been applicable. § 960.03(3)(b), Fla. Stat. (2011). In 2015, the definition of "crime" was again amended, and the limiting language of the 2012 definition no longer limits the violations of the six statutes that result in injury or death. Ch. 2015-92, § 14, Laws of Fla. (effective July 1, 2015). Nonetheless, the 2012 version applies to Latham.

case did not qualify for compensation by the Fund and Latham is not obligated for restitution to the Fund.

The language of section 960.13, titled "Awards," provides further support for this conclusion. Section 960.13(1) states the following:

> (1)(a) No award shall be made unless the department finds that:
> 1. A crime was committed;
> 2. Such crime directly resulted in personal injury to, psychiatric or psychological injury to, or death of, the victim or intervenor; and
> 3. Such crime was promptly reported to the proper authorities.

As discussed above, Latham's offense does not meet the definition of "[c]rime" in section 960.03(3)(b), which also applies to section 960.13. Furthermore, even if the offense of leaving the scene of the accident were to constitute a crime under section 960.03, the offense does not meet the requirement in section 960.13(1)(a)(2) that the crime directly result in the injury to or death of the victim. See Williams, 520 So. 2d at 278 (holding that damage caused by accident was not a direct or indirect result of the offense of leaving the scene of an accident because the damage was not caused by the defendant leaving the scene).[6]

---

[6]We note that even though restitution to the victim was not ordered under section 775.089(1)(a), section 775.089(1)(c) contains a definition of "victim" that, by its terms, appears to apply to restitution ordered under chapter 960. Section 775.089(1)(c) states that "[t]he term 'victim' as used in this section and in any provision of law relating to restitution means each person who suffers property damage or loss, monetary expense, or physical injury or death as a direct or indirect result of the defendant's offense or criminal episode." (Emphasis added.) But this definition does not include the victim in this case because his death was not the direct or indirect result of Latham's offense of leaving the scene of the accident or her criminal episode. See Williams, 520 So. 2d at 278.

The State argues that the payment of the award by the Fund creates an order of restitution to the Fund. But we have previously held that the trial court was not obligated to order restitution in the amount awarded by the Fund. Payne v. State, 873 So. 2d 621, 622 (Fla. 2d DCA 2004). The State acknowledges that Latham's offense does not constitute a crime under section 960.03 and that the Fund's payment of an award to the victim was arguably unauthorized under section 960.13, but the State claims that the trial court was not required to refuse to impose the restitution. We reject that argument. Because the restitution was not authorized by the provisions of chapter 960, the trial court erred in ordering the restitution.

Reversed and remanded.

ALTENBERND and KHOUZAM, JJ., Concur.