PER CURIAM.
David Davis appeals the order imposing investigative costs and restitution following his entry of a plea to burglary of a dwelling and grand theft. Based on the State's concession of error, we reverse the imposition *156 of investigative costs. However, despite the State's concession of error regarding the imposition of restitution, we disagree and affirm.
When Davis entered his plea, the State informed him of the amount of restitution in his sentence, to which Davis agreed without objection. On appeal, he argues that the State presented insufficient evidence to support the amount of restitution ordered and that he was not given an opportunity to be heard. Davis contends that his Florida Rule of Criminal Procedure 3.800(b) motion preserved these arguments.[1] Davis is only partially correct.
The sufficiency of evidence to support a restitution order is not a sentencing error cognizable in a rule 3.800(b) motion, and therefore, that issue was not preserved by Davis's motion. See Mapp v. State, 71 So.3d 776, 778 (Fla. 2011). However, Davis's motion did preserve his argument regarding his right to be heard. See Elmer v. State, 140 So.3d 1132, 1137 (Fla. 5th DCA 2014) (noting that appellant's claim of the lack of opportunity to be heard could have been preserved through a rule 3.800(b) motion). Ultimately, though, Davis's argument fails because he was present at the hearing and agreed to the amount of restitution ordered; therefore, he had the opportunity to be heard and declined. Accordingly, we affirm the order of restitution.
REVERSED IN PART, AFFIRMED IN PART, and REMANDED.
COHEN, C.J., EDWARDS and HARRIS, JJ., concur.

Davis recognizes that he did not preserve these arguments at the hearing with an objection.