DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**CHRISTOPHE A. CREMERS,**
Appellee.

No. 4D19-3723

[April 28, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562016CF002993A.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellee.

**ON MOTION FOR CLARIFICATION**

PER CURIAM.

We grant the appellee's motion for clarification, withdraw our opinion, and substitute the following opinion in its place.

The State appeals an order entered pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) on defendant's motion to correct his sentence reducing the costs of prosecution assessed from $200 to $100.[1]  On

---

[1] Defendant filed an appeal and then filed a motion to correct a sentencing error (the prosecution costs) pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).  The State then cross-appealed the judge's ruling granting relief.  The defendant then voluntarily dismissed his appeal.  Section 924.07, Florida Statutes, and Florida Rule of Appellate Procedure 9.140 set forth what matters may be appealed by the State.  Section 924.07(1)(d) permits the State to appeal a question of law when the defendant appeals, and permits the State appeal to continue even when the defendant dismisses the appeal.  Because the parties have stipulated that there was a lack of preservation of the cost issue at

appeal, the defendant concedes error, because he affirmatively told the court at the sentencing hearing that he had no objection to the imposition of these costs after the State requested them. Pursuant to section 938.27(8), Florida Statutes, a court shall impose $100 as the costs of prosecution for a felony and may impose a greater amount upon sufficient proof of such costs. However, an objection to the sufficiency of the proof must be made contemporaneously with the assessment of costs. Because the proper documentation of the costs of prosecution is an evidentiary error in the sentencing process, it cannot be preserved through a rule 3.800(b)(2) motion. *See Rivera v. State*, 34 So. 3d 207 (Fla. 2d DCA 2010); *see also Mapp v. State*, 71 So. 3d 776 (Fla. 2011) (finding that insufficiency of the evidence at a restitution hearing is not cognizable under rule 3.800(b)). Therefore, the court erred in granting relief. We reverse and remand for reinstatement of the original judgment for costs including $200 in prosecution costs.

*Reversed and remanded.*

WARNER, MAY and ARTAU, JJ., concur.

*      *      *

***Final Upon Release; No Motion For Rehearing Will Be Entertained.***

---

sentencing, they stipulated to the facts, and the issue presented in this case is one of law.